**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALERTPOINT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:18-CV-03879-ELR |
| | ) | |
| DEAN OLDS and ROOMPRO | ) | |
| TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NON-PARTY CHRIS RAGSDALE'S MOTION TO QUASH AND OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS**

Comes Now, CHRIS RAGSDALE, ("Movant") a non-party, and files this Motion to Quash and Objection to Subpoena to Produce Documents pursuant to Fed. R. Civ. P. 45. In support thereof, Movant shows the following:

## I. STATEMENT OF FACTS

On October 19, 2018, Movant was served Subpoena to Testify at a Deposition in a Civil Action and Notice of Deposition ("Subpoena"). See attached **Exhibit A**. The Subpoena requires Movant to search for and produce, among other documents, "[a]ll documents created on or after January 1, 2011 in [Movant's] possession, custody, or

control that relate to or mention AlertPoint, LLC, Dean Olds, RoomPro Technologies, Inc., or EDCO-Educational Consultants, Inc." The Subpoena requires Movant's participation in a deposition on November 2, 2018, at which time Movant is required to produce the information requested in the Subpoena.

The Subpoena requests documents from January 1, 2011 to November 2, 2018, a period of nearly eight years.[1] Most requests in the Subpoena seek documents addressed to or from, relating to, referencing, or mentioning EDCO and EDCO-Educational Consultants, Inc. ("EDCO").[2] Cobb County School District (the "District") has used EDCO as a technology vendor, and EDCO has provided numerous technology services to the District, since at least 2012.

## II. ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 45 sets forth the relevant law governing issuance, service, and compliance with subpoenas in civil actions. More specifically, Fed. R. Civ. P. 45(d)(1) instructs that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on

[1] Item three requests information "regardless of date," and items four through seven request all documents created on or after January 1, 2011, without specifying an end date.
[2] Items three through seven specifically mention EDCO, and item two mentions an EDCO email address.

the person subject to the subpoena." Additionally, the rule addresses the protections available to the recipient of a Rule 45 subpoena.

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, … the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45(d)(2).

## III. OBJECTIONS TO THE SUBPOENA

Movant's objections to the Subpoena are as follows:

A. The Subpoena was served on Movant in his personal capacity, but most of the requested documents are District documents.[3]

[3] In his individual capacity, Movant has few, if any, documents to produce in response to the requests in the Subpoena. The Subpoena requests documents relating to entities with which the District may have done business, but not Movant in his personal capacity. A subpoena properly served upon the District or upon Movant in his official capacity as superintendent of the District would be more appropriate.

B. The time period from the date of service, October 19, 2018, to the date of the deposition, November 2, 2018, is less than two weeks. This is an unreasonably short period of time for Movant to arrange his schedule to appear at the deposition.

C. Even if the Subpoena were properly served upon the District or Movant in his official capacity as superintendent, two weeks is also an unreasonably short period of time for the District to produce documents that span almost eight years.[4] The Subpoena's request for documents dating back to January 1, 2011 is overly broad and unduly burdensome.

D. The Subpoena also seeks an unreasonable volume of documents. The District's records office estimates that it will take more than 5,000 hours and will cost more than $190,000.00 to search for and produce documents responsive to the Subpoena.[5] The District received an open records request from counsel for Defendants on September 27, 2018, that sought document disclosure that was, in many respects, substantially similar to the instant

---

[4] The Subpoena seeks document production that spans nearly eight years and includes all documents addressed to or from, relating to, referencing, or mentioning EDCO, a vendor with which the District has a long-standing relationship for the provision of numerous technology services. Because of the length of time EDCO has been a vendor with the District and the number of services EDCO provides to the District, searching for and producing documents responsive to the Subpoena is unduly burdensome.

[5] The factors contributing to this expense are 1) the nearly eight-year time period of the request and 2) the inclusion of EDCO and EDCO-Educational Consultants, Inc. as search terms.

Subpoena.[6] Because of the breadth of documents requested, the Subpoena is overly broad and unduly burdensome.

E. Movant has been provided no assurance that reasonable compensation (staff times and copy costs) will be paid. Without this assurance, Movant will bear the unreasonable time and cost burdens of responding to the Subpoena. Should the Subpoena not be withdrawn and re-issued so as to not be overly broad and unduly burdensome, Movant would expect to be reasonably compensated for costs associated with production, so as to avoid incurring the "significant expense resulting from compliance."[7] Fed. R. Civ. P. 45(d)(2)(B)(ii).

F. The information requested in the Subpoena is not relevant to the matter at hand. Though Movant is not a party to the case, it appears that the matter centers on the ownership of AlertPoint, LLC. The District's interactions with AlertPoint, LLC do not relate to the ownership of the business entity, and the Subpoena does not request relevant information.

---

[6] Counsel for Defendants submitted an open records request to the District on September 27, 2018. The open records request asked for items similar to the instant Subpoena. The District responded to the open records request with an estimate of the time and cost associated, which also totaled more than 5,000 hours and approximately $190,000.00. The District did not receive a reply from counsel for Defendants after the District presented its estimate for the time and cost of disclosure. Movant then was served with the Subpoena on October 19, 2018.

[7] At this time, the District's records office has advised Movant that the time and cost associated with responding to the Subpoena will total more than 5,000 hours and $190,000.00, respectively.

Wherefore, Movant respectfully requests that the Motion to Quash and Objection to Subpoena to Produce Documents be Granted.

This 31st day of October, 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Movant

_____*/s/ Charles L. Bachman*______
Charles L. Bachman
Georgia Bar No. 030545

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
Email: cbachman@gregorydoylefirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume limitations established in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been prepared and typed in Times New Roman 14 font.

This 31st day of October 2018.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Movant

_____*/s/ Charles L. Bachman*______
Charles L. Bachman
Georgia Bar No. 030545

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
Email: cbachman@gregorydoylefirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2018, I filed **NON-PARTY CHRIS RAGSDALE'S MOTION TO QUASH AND OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS** via electronic mail and regular U.S. mail to the following attorneys of record:

**LILENFELD PC**
*Counsel for Defendants*
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Haase
Georgia Bar No. 431935
3379 Peachtree Road, NE Suite 980
Phone: 404-201-2520
Email: David@Lilenfeld.com
Kaitlyn@Lilenfeld.com

**HOLLAND & KNIGHT LLP**
*Counsel for Plaintiff*
A. André Hendrick
Georgia Bar No. 774212
One Regions Plaza, Suite 1800
1180 West Peachtree St., N.W.
Atlanta, Georgia 30309
Phone: 404-817-8500
Fax: 404-881-0470
Email: andre.hendrick@hklaw.com

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Movant

_____*/s/ Charles L. Bachman*______
Charles L. Bachman
Georgia Bar No. 030545

49 Atlanta Street
Marietta, GA 30060
Phone: 770-422-1776
Fax: 770-426-6155
Email: cbachman@gregorydoylefirm.com

2471785_1.docx