**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| ALERTPOINT, LLC | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO. 1:18-CV-03879-ELR |
| | ) |
| DEAN OLDS and ROOMPRO TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants | ) |
| v. | ) |
| | ) |
| DAVID ALLEN and EDCO-EDUCATIONAL CONSULTANTS, INC., | ) |
| | ) |
| Proposed Counterclaim Defendants. | ) |
| | ) |

**RESPONSE TO NON-PARTY CHRIS RAGSDALE'S MOTION TO QUASH AND OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS**

## I. Introduction

Non-Party Chris Ragsdale's ("Ragsdale") Motion to Quash is an example of unnecessary motions practice designed to wasted time and money. RoomPro Technologies, Inc. ("RoomPro"), who served the subpoena on Ragsdale, agreed to revise the Subpoena in all the ways Ragsdale requests in his Motion. There is nothing remaining about which to argue. Regardless, for some reason, the Cobb County School District's outside counsel filed the wholly unnecessary Motion.

## II. Procedural Posture

This lawsuit was filed on August 14, 2018 and pleadings are still open. There is also a Motion to Dismiss pending. (Dkt. 21).

## III. Factual Background

Mr. Ragsdale is a key witness in this case. Mr. Ragsdale is the superintendent of the Cobb County School District. As the superintendent of the Cobb County School District, Mr. Ragsdale has significant authority over lucrative contracts the school district entered with Plaintiff and Proposed Counterclaim Defendant, EDCO-Educational Consultants, Inc. ("EDCO"). Those contracts involved the software and technology in dispute in this lawsuit. Mr. Ragsdale is also a very close friend of David Allen ("Allen"), who is Plaintiff AlertPoint LLC's ("AlertPoint") sole owner and a proposed Counterclaim Defendant.

Ragsdale is an obvious source of documents and knowledge relevant to this dispute, which is why RoomPro served the Subpoena.

## IV. Argument

Mr. Ragsdale has six (6) objections to the Subpoena. (Brief, pp. 3-5 (Dkt. 35)), which RoomPro responds to in order.

a. The Subpoena was served on Movant in his personal capacity, but most of the requested documents are District documents

Ragsdale opines that a Subpoena to Ragsdale in his "official capacity … would be more appropriate." (Brief, n. 3 (Dkt. 35)).

This is not proper grounds upon which to move to quash a Subpoena. Rather, this could be a possible explanation of why Ragsdale does not have certain documents, but it is not a basis to quash the Subpoena. Because of the close, personal relationship between Allen (the majority owner of both AlertPoint and EDOC) and Ragsdale, some or all of these business transactions may be reflected in Ragsdale's personal communications about AlertPoint and EDCO, in addition to being reflected in his communications in his official capacity.

b. The time period from the date of service, October 19, 2018, to the date of the deposition, November 2, 2018, is an unreasonably short period of time.

Ragsdale argues that he was not given enough time. (Brief, pp. 4 (Dkt. 35). He says, "[t]he time period from the date of service, October 19, 2018, to the date of the deposition, November 2, 2018, is less than two weeks. This is an unreasonably short period of time for Movant to arrange his schedule to appear at the deposition."

Days before Ragsdale filed this Motion, RoomPro advised his counsel that it would not seek to depose him at this time. RoomPro did this again via email on October 31, 2018:

Re: AlertPoint v. RoomPro -- Subpoena to Chris Ragsdale

David M. Lilenfeld

Tue 10/30/2018 3:13 PM

Sent Items

To:Jordan Dailey <jdailey@gregorydoylefirm.com>;

Cc:Chuck Bachman <cbachman@gregorydoylefirm.com>; Kaitlyn Haase <kaitlyn@lilenfeld.com>;

Jordan,

RoomPro has agreed to not depose Mr. Ragsdale at the moment – with the hope that the documents RoomPro receives in response to its subpoena make the deposition of Mr. Ragsdale unnecessary.

c. Ragsdale Complains that the time range of documents sought is too broad.

> Ragsdale argues that even if the Subpoena were properly served upon the District or upon Ragsdale in his official capacity, two weeks is also an unreasonably short period of time for the District to produce documents that span almost eight years. The Subpoena's request for documents dating back to January 1, 2011 is overly broad and unduly burdensome.

(Brief, p. 4 (Dkt. 35)).

Again, in making this frivolous Motion, the Movant ignores that RoomPro already agreed, in writing, to narrow the scope of the documents. In fact, RoomPro agree to narrow the scope *as suggested by Ragsdale and the District's counsel*.

David M. Lilenfeld

Tue 10/30/2018 3:13 PM

Sent Items

To:Jordan Dailey <jdailey@gregorydoylefirm.com>;

Cc:Chuck Bachman <cbachman@gregorydoylefirm.com>; Kaitlyn Haase <kaitlyn@lilenfeld.com>;

Jordan,

. . .

Finally, during that call, RoomPro agreed to narrow the scope of documents requested in Paragraphs 5 through 7 of Exhibit A to the Subpoena. As a compromise, RoomPro agrees to the narrowing you suggested in your below email (namely, (1) requiring documents dating back to January 1, 2016 (instead of dating back to January 1, 2011) and (2) eliminating EDCO or EDCO-Educational Consultants, Inc. from the search terms).

d. Ragsdale Complains the volume of requested documents is too great

Ragsdale asserts that the District's records office estimates that it will take more than 5,000 hours and will cost more than $190,000.00 to search for and produce documents responsive to the Subpoena. (Brief, p. 4 (Dkt. 35)).

Once again, this assertion ignores the compromise agreed to by RoomPro, that of eliminating EDCO or EDCO-Educational Consultants, Inc. from the search terms. Considering that the Movant asserts that the factors contributing to their alleged expense of producing the documents are 1) the nearly eight-year time period of the request and 2) the inclusion of EDCO and EDCO-Educational Consultants, Inc. as search terms, RoomPro's reasonable agreement to both limit the time period

and eliminate EDCO and EDCO-Educational Consultants Inc. from the search eradicate the need for this motion.

David M. Lilenfeld

Tue 10/30/2018 3:13 PM

Sent Items

To: Jordan Dailey <jdailey@gregorydoylefirm.com>;

Cc: Chuck Bachman <cbachman@gregorydoylefirm.com>; Kaitlyn Haase <kaitlyn@lilenfeld.com>;

Jordan,

...

to the Subpoena. As a compromise, RoomPro agrees to the narrowing you suggested in your below email (namely, (1) requiring documents dating back to January 1, 2016 (instead of dating back to January 1, 2011) and (2) eliminating EDCO or EDCO-Educational Consultants, Inc. from the search terms).

e. No assurance of reasonable compensation

Movant appears to require assurance that reasonable compensation (staff times and copy costs) will be paid. Movant claims he will bear the unreasonable time and cost burdens of responding to the Subpoena, and that should the Subpoena not be withdrawn and re-issued so as to not be overly broad and unduly burdensome, Movant would expect to be reasonably compensated for costs associated with production, so as to avoid incurring the "significant expense

resulting from compliance."[7] Fed. R. Civ. P. 45(d)(2)(B)(ii). (Brief, p. 4 (Dkt. 35)).

As this is a subpoena issued to an individual, obviously RoomPro will pay any required witness fee. Also, Ragsdale's lawyers represented to RoomPro that the costs and burden of producing the Subpoenaed documents would be much lower if RoomPro would narrow the scope of documents requested. RoomPro agreed to exactly that, narrowing the scope of the Subpoena in every way requested by Ragsdale. (*See* Paragraphs c and d, above). RoomPro's eminently reasonable agreement to narrow the scope of the Subpoena entirely cuts the feet out from under this argument.

f. The information sought by the Subpoena is not Relevant

It is relevant. AlertPoint, and perhaps EDCO, have licensed RoomPro's assets to the School District. This is occurring without RoomPro's permission and without compensation to RoomPro. For that reason, RoomPro is entitled to know the nature and extent of business AlertPoint and EDCO have done with the School District. Because of the close, personal relationship between Allen (the majority owner of both AlertPoint and EDOC) and Ragsdale some or all of these business transactions may be reflected in Ragsdale's personal communications about AlertPoint and EDCO, in addition to what is reflected in his communications in his official capacity.

## V. Conclusion

Prior to the filing of this frivolous motion, RoomPro, through its counsel of record, agreed not to depose Movant Chris Ragsdale, with the hope that the documents Ragsdale would produce in response to the Subpoena would make his deposition unnecessary. RoomPro further agreed to limit the scope of documents requested in every way requested by Ragsdale, and still Ragsdale insisted upon filing this Motion. Because of the concessions made by RoomPro, this Motion is a wholly unnecessary use of resources, those of the Parties and those of the Court.

For the above reasons, RoomPro respectfully requests that this Motion to Quash be Denied as moot, and that RoomPro be granted its costs for the preparation and filing of this Response to the Motion to Quash.

Respectfully submitted this 15th day of November.

**LILENFELD PC**

*/s/ David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Kaitlyn A. Dalton
Georgia Bar No. 431935
3379 Peachtree Road NE
Suite 980
Atlanta, Georgia 30326
telephone (404) 201-2520
David@Lilenfeld.com
Kaitlyn@Lilenfeld.com

**IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | |
|---|---|
| ALERTPOINT, LLC | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| v. | ) NO. 1:18-CV-03879-ELR |
| | ) |
| DEAN OLDS and ROOMPRO TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants | ) |
| v. | ) |
| | ) |
| DAVID ALLEN and EDCO-EDUCATIONAL CONSULTANTS, INC., | ) |
| | ) |
| Proposed Counterclaim Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Non-Party Chris Ragsdale's Motion to Quash and Objection to Subpoena to Produce Documents, on the date stated below, was filed with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to the following counsel of record:

Andre Hendrick, Esq.,
Andre.hendrick@hklaw.com

Jeffery B. Arnold, Esq.,
Jeff.arnold@hklaw.com

On November 15, 2018

/s/ David M. Lilenfeld
David M. Lilenfeld