IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALERTPOINT, LLC<br><br>Plaintiffs,<br><br>v.<br><br>DEAN OLDS and ROOMPRO TECHNOLOGIES, INC.,<br><br>Defendants.<br>v.<br><br>DAVID ALLEN and EDCO-EDUCATIONAL CONSULTANTS, INC.,<br><br>Proposed Counterclaim Defendants. | Case No.: 1:18-CV-03879-ELR |

**AMENDED DEPOSITION NOTICE OF CHRISTOPHER RAGSDALE**

To: Christopher Ragsdale
Cobb County School District
c/o Chuck Bachman, Esq.
Gregory, Doyle, Calhoun & Rogers LLC
49 Atlanta Street NE
Marietta, Georgia 30060

On July 16, 2019, upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Dean Olds and RoomPro Technologies, Inc. will proceed to take the deposition of Christopher Ragsdale beginning at 10:00 a.m. Eastern Standard Time, at the offices of Gregory, Doyle, Calhoun & Rogers,

LLC located at 49 Atlanta Street SE, Marietta, Georgia 30060. The deposition will be taken before a court reporter, a notary public, or before some other officer duly authorized by law to take depositions. The deposition will be recorded by audiovisual and/or stenographic means. The oral examination will continue from day to day until its completion. You may attend and cross-examine.

Respectfully submitted this 2nd day of July, 2019.

**LILENFELD PC**

*/s/David M. Lilenfeld*
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 289899
3379 Peachtree Road NE, Suite 980
Atlanta, Georgia 30326
(404) 201-2520 – telephone
David@Lilenfeld.com
Robin@Lilenfeld.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| ALERTPOINT, LLC<br>*Plaintiff*<br>v.<br>DEAN OLDS and<br>ROOMPRO TECHNOLOGIES, INC.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 1:18-CV-03879-ELR |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Christopher Ragsdale, Cobb County School District - c/o Chuck Bachman, Esq.
49 Atlanta Street NE, Marietta, Georgia 30060

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| Gregory, Doyle, Calhoun & Rogers, LLC<br>49 Atlanta Street SE<br>Marietta, Georgia 30060 | 07/16/2019 10:00 am |

The deposition will be recorded by this method: Stenogaphically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please see attahced Exhibit A that is incorporated here by reference.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/01/2019

*CLERK OF COURT*

OR

/s/ David Lilenfeld

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ______________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:18-CV-03879-ELR

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* __________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________ on *(date)* __________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

**Definitions**

1. “Document” means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, data processing cards, computer records, tapes and printouts, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. Document also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.
2. The term “Communication” means any transmission of information in the form of facts, ideas, inquiries, or otherwise, in any form, between or among two or more persons, by written, oral, or any other means, including, but not limited to discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephonic conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

3. The terms “relating/related,” “reflecting,” “concerning” and “referring” shall be used in the broadest sense and shall mean and include without limitation “describing,” “referring to,” “mentioning,” “discussing,” “containing,” or “setting forth” and refers to every form of information that in any way explicitly or implicitly refers to, or reasonably could be construed to refer to, the subject matter of the Interrogatory, or which in fact refers to its subject matter though such reference is only determinable with reference to some extrinsic information, program, or code.
4. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.
5. The words “and” and “or” as used herein shall be construed either disjunctively or conjunctively, whichever makes the request more inclusive.
6. “AlertPoint” shall mean AlertPoint, LLC.
7. “EDCO” shall mean EDCO-Educational Consultants, Inc.

**Requests**

1. All emails between you and David Allen <dallen@comcast.net>, <david.allen@edcoeducation.com>, or any other email account of David Allen from January 1, 2016 to present regarding the AlertPoint System, Dean Olds, RoomPro, 34ED, and/or pre-payment for EDCO or AlertPoint products.

2. From January 1, 2016, all emails and texts messages in your possession which are to, from or include you and mention any of the following: (1) Dean Olds, (2) Alertpoint, (3) Alert Point (4) RoomPro, (5) 34ED, LLC., or (6) Centegix.

3. All documents created on or after January 1, 2016 in your possession, custody, or control that relate to or reference bidding by AlertPoint, LLC and the Cobb County School District;

4. All documents created on or after January 1, 2016 in your possession, custody, or control that relate to or mention AlertPoint, LLC, Dean Olds, RoomPro Technologies, Inc., or 34ED, LLC;

5. All documents created after January 1, 2016 and in your possession, custody, or control that relate to any agreement by or between the Cobb County School District, on one hand, and AlertPoint, LLC on the other.

6. All documents dated after January 1, 2016 in your possession, custody, or control that relate to any licensing agreement executed or presented to the Cobb County School District from AlertPoint, LLC or

7. All documents reflecting payments made to EDCO or AlertPoint by Cobb County Schools for product that prior to receipt of that product by Cobb County Schools.

8. All documents relating to solicitation of bids for projects ultimately awarded to EDCO or AlertPoint.

9. All calendars, daybooks, or planners reflecting meetings with David Allen from January 1, 2016 to present.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALERTPOINT, LLC<br><br>Plaintiffs,<br><br>v.<br><br>DEAN OLDS and ROOMPRO TECHNOLOGIES, INC.,<br><br>Defendants.<br>v.<br><br>DAVID ALLEN and EDCO-EDUCATIONAL CONSULTANTS, INC.,<br><br>Proposed Counterclaim Defendants. | ) | Case No.: 1:18-CV-03879-ELR |

**CERTIFICATE OF SERVICE**

On July 1, 2019, the foregoing AMENDED NOTICE OF DEPOSITION OF CHRISTOPHER RAGSDALE was filed by Defendant with the Clerk of Court using the CM/ECF system, which automatically and contemporaneously sends electronic notification and a service copy of such filing to counsels of record:

A. Andre Hendrick, Esq.,
*Andre.hendrick@hklaw.com*

Jeffery B. Arnold, Esq.,
*Jeff.arnold@hklaw.com*

July 2, 2019

*/s/ David M. Lilenfeld*

David M. Lilenfeld