**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| ALERTPOINT, LLC,<br><br>Plaintiff/Counter Defendant,<br><br>v.<br><br>DEAN OLDS and ROOMPRO TECHNOLOGIES, INC.,<br><br>Defendants/Counter Plaintiffs. | * * * * * * * * * * | 1:18-CV-03879-ELR |
| DEAN OLDS and ROOMPRO TECHNOLOGIES, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>DAVID ALLEN and EDCO-EDUCATIONAL CONSULTANTS, INC.,<br><br>Third-Party Defendants. | * * * * * * * * * * * * | |

**O R D E R**

Presently before the Court is Plaintiff AlertPoint, LLC's Motion to Dismiss Count II of Defendants' Counterclaim. [Doc. 34]. For the reasons set forth below, the Court grants the Motion.

## I. Background

Plaintiff AlertPoint, LLC, filed this action on August 14, 2018, alleging various claims against Defendants Dean Olds ("Olds") and RoomPro Technologies, Inc. ("RoomPro") related to the ownership of the hardware and software associated with the AlertPoint system, a crisis management computer program created by Plaintiff and Defendant Olds. First Am. Compl. [Doc. 21]. Plaintiff seeks a declaratory judgment and damages for breach of fiduciary duty, misappropriation of trade secrets and conversion. [Id.]

On September 10, 2018, Defendants filed their Answer, Counterclaim and Third Party Complaint. [Doc. 14]. As it pertains to Plaintiff, Defendants allege counterclaims for breach of contract and trademark infringement and seek a declaratory judgment and monetary damages. [Id.] In response to the counterclaim, Plaintiff filed a Motion to Dismiss Count II of the Counterclaim for Failure to State a Claim arguing that the pleadings are insufficient to sustain a claim against Plaintiff for breach of contract because Plaintiff was not a party to the subject contract, the "Brand Seller Agreement." [Doc. 20]. Defendants filed a response to Plaintiff's Motion to Dismiss indicating that they do not oppose Plaintiff's motion and that Defendant RoomPro would file an amended Answer and Counterclaim that clarifies that its breach of contract claim in Count II is only against Third-Party Defendant

EDCO-Educational Consultants, Inc. ("EDCO"). [Doc. 22]. Defendants filed the amended Answer and Counterclaim on October 15, 2018. [See Doc. 28]. In their amended counterclaim, Defendants indicate in the heading of Count II that the breach of contract claim is "Against EDCO." [Doc. 28 at 37]. However, Defendants specifically implicate Plaintiff, who they identify as "Plaintiff/EDCO" in the paragraphs following the heading of the Count II, impliedly indicating that both Plaintiff and Third-Party EDCO violated various provisions of the Brand Seller Agreement. [Doc. 28 at 39-40].

Plaintiff now moves again to dismiss[1] Count II of the counterclaim for the reasons previously articulated. [Doc. 34]. Having been fully briefed, this motion is now ripe for the Court's review.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint fails to "state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

[1] In an Order dated November 16, 2018, [Doc. 42], the Court denied as moot Plaintiff's first Motion to Dismiss [Doc. 20] because Plaintiff filed an Amended Complaint [Doc. 21] and in turn Defendant filed an amended Answer and Counterclaim against Plaintiff. [Doc. 28].

570, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When ruling on a motion to dismiss, the court's consideration is limited to the complaint and any incorporated exhibits. See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).

## III. Discussion

The Court finds that dismissing Count II of Defendants' counterclaim as it pertains to Plaintiff is appropriate in this case. First, nothing in Defendants' pleadings indicate that Plaintiff was a party to the Brand Seller Agreement in dispute. As a general rule, an action on a contract shall be brought against the party who made it and a breach of contract claim may only be maintained against a party to the contract. O.C.G.A. § 9-2-20(a); Perry v. Unum Life Ins. Co. of Am., 353 F. Supp. 2d 1237, 1239 (N.D. Ga. 2005); Primary Invs., LLC v. Wee Tender Care III, 323 Ga. App. 196, 199 (2013) (finding that a person who is not a party to a contract cannot be bound by its terms). Here, it is undisputed that the Brand Seller Agreement was only entered into by Third-Party Plaintiff RoomPro and Third-Party Defendant EDCO. [See Doc. 28 at 22, 24; Doc. 28-1]. Further, Defendant RoomPro has indicated in its response to this motion that the "breach of contract counterclaim is against EDCO only." [Doc. 38 at 1]. Plaintiff's Motion to Dismiss is therefore

uncontroverted. Considering all of the foregoing, the Court finds that Defendants' breach of contract claim against Plaintiff is due to be dismissed for failure to state a claim.

## IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's Motion to Dismiss Count II of the Counterclaim [Doc. 34] and **DISMISSES WITH PREJUDICE** Count II of Defendants' counterclaim against Plaintiff. The Court further orders Plaintiff to file a response to the remaining counterclaims as required by the Federal Rules of Civil Procedure.

**SO ORDERED**, this 23rd day of July, 2019.

Eleanor L. Ross
Eleanor L. Ross
United States District Judge
Northern District of Georgia