# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ALERTPOINT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:18-cv-03879-ELR |
| v. | ) | |
| | ) | |
| DEAN OLDS, ROOMPRO | ) | |
| TECHNOLOGIES, INC., and 34ED, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID ALLEN and EDCO- | ) | |
| EDUCATIONAL CONSULTANTS, INC., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## 34ED'S VERIFIED ANSWER AND DEFENSES TO PLAINTIFF ALERTPOINT'S SECOND AMENDED COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Defendant 34ED, LLC ("Defendant" or "34ED") hereby responds to Plaintiff

AlertPoint, LLC's ("Plaintiff" or "AlertPoint") Second Amended Verified

Complaint for Damages and Injunctive Relief ("Second Amended Complaint") as

follows:

1

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's purported claims are barred in whole or in part because no actual controversy or uncertainty exists.

## THIRD DEFENSE

Plaintiff's Second Amended Complaint and any purported claims therein are barred, precluded, or limited by the doctrines of waiver, laches, or estoppel.

## FOURTH DEFENSE

Pursuant to the doctrine of unclean hands, equity bars Plaintiff from recovery on the purported claims asserted in the Second Amended Complaint because of Plaintiff's own wrongful conduct.

## FIFTH DEFENSE

Plaintiff's purported claims fail because Defendant did not breach any duty, or aid and abet any breach of any duty owed to Plaintiff.

## SIXTH DEFENSE

Plaintiff's purported claims are barred, in whole or in part, because Plaintiff failed, neglected, or refused to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's purported claims are barred to the extent the alleged damages were proximately caused, in whole or in part, by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff consented to, authorized, approved, acquiesced to, and/or ratified the actions about which it now complains.

## NINTH DEFENSE

Any alleged injury suffered by Plaintiff was caused by the intervening acts or omissions of persons other than Defendant, including Plaintiff, and these acts or omissions superseded any act or omission of Defendant for which they might be considered liable.

## TENTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claim for Declaratory Judgment (Count I) because Plaintiff does not have any copyright registration for the works it claims to own in the Second Amended Complaint.

## ELEVENTH DEFENSE

Plaintiff lacks standing to assert one or more of its claims.

**TWELFTH DEFENSE**

Plaintiff's purported claims for punitive damages are subject to the standards for the award thereof and limitations as to the amount thereof under *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007), *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Indus., Inc. v. Leatherman Tool Grp, Inc*., 532 U.S. 424 (2001), and *BMW of North Am., Inc. v. Gore*, 517 U.S. 559 (1996).

**THIRTEENTH DEFENSE**

Plaintiff's purported claims for infringement are barred in whole or in part because the terms "AlertBadge" and "AlertHub" are merely descriptive as applied to systems for emergency alert notification systems and were descriptive with respect thereto both when Plaintiff started its business and at all other relevant times.

**FOURTEENTH DEFENSE**

Plaintiff's purported claims for infringement are barred in whole or in part because 34ED, through its purchase of intellectual property as it existed on December 31, 2016, is a prior user, owner, or licensee of the terms "AlertBadge" and "AlertHub" such that Plaintiff has no right to registration of a trademark in either term, nor any claim to infringement against 34ED as to either term.

4

## FIFTEENTH DEFENSE

Plaintiff's purported claims for infringement are barred in whole or in part because any purported use of the terms "AlertBadge" or "AlertHub" by 34ED is fair use.

## SIXTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because they are preempted by the Georgia Trade Secrets Act of 1990, O.C.G.A. § 10-1-760 *et seq.* to the extent they provide remedies for or based upon misappropriation of a trade secret.

## SEVENTEENTH DEFENSE

Plaintiff's purported claims are barred by the doctrine of competitive privilege.

## EIGHTEENTH DEFENSE

Plaintiff's purported claims are barred because it has not sustained any damages for which Defendant is responsible.

## NINTEENTH DEFENSE

Plaintiff's purported claims are barred because Defendant did not misappropriate any confidential information or trade secrets.

### TWENTIETH DEFENSE

Plaintiff's trade secret claim is barred because to the extent Plaintiff has or had any trade secrets, they have not been reasonably protected.

### TWENTY-FIRST DEFENSE

The injuries allegedly suffered by Plaintiff were not caused by any action or omission of, or attributable to, Defendant.

### TWENTY-SECOND DEFENSE

Plaintiff's purported claims are barred because at all times Defendant acted in good faith and did not directly or indirectly commit, control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

### TWENTY-THIRD DEFENSE

Plaintiff's purported claims are barred because Defendant did not act with or have the requisite intent.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails for lack of loss causation because the damages alleged in the Complaint were not proximately caused by Defendant.

### TWENTY-FIFTH DEFENSE

Plaintiff's purported claims are barred by the economic loss doctrine.

## TWENTY-SIXTH DEFENSE

Plaintiff's purported claims are barred in whole or in part by the doctrines of setoff and/or recoupment.

## TWENTY-SEVENTH DEFENSE

Plaintiff's unfair competition claims are barred because there is no likelihood of confusion, or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services, nor has Defendant made any false or fraudulent statements in advertising.

## TWENTY-EIGHTH DEFENSE

34ED asserts the preceding and following defenses and reserves the right to amend its answer and defenses and to file further pleadings.  34ED's statement of these defenses should in no way be construed to constitute a concession on the part of 34ED that it bears the burden of proof to establish such defense(s).

## RESPONSES TO NUMBERED PARAGRAPHS

Subject to and incorporating herein by reference the foregoing affirmative defenses as well as its Counterclaims, Defendant hereby responds to Plaintiff's Second Amended Complaint as follows:

7

## PARTIES AND JURISDICTION

### 1.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 1 of Plaintiff's Second Amended Complaint and therefore denies same.

### 2.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 2 of Plaintiff's Second Amended Complaint and therefore denies same.

### 3.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 3 of Plaintiff's Second Amended Complaint and therefore denies same.

### 4.

Responding to Paragraph 4 of Plaintiff's Second Amended Complaint, 34ED states that it is a Delaware limited liability company with its principal place of business in Athens, Georgia. 34ED can be served via its registered agent, Gerardo M. Balboni II, at 1201 West Peachtree Street, Suite 3250, Atlanta, Georgia 30309.

5.

The allegations of Paragraph 5 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent a response is permitted or required, 34ED denies any liability to Plaintiff under the causes of action set forth in Paragraph 5.

6.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 6 of Plaintiff's Second Amended Complaint and therefore denies same.

7.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 7 of Plaintiff's Second Amended Complaint and therefore denies same.

8.

The allegations of Paragraph 8 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent a response is permitted or required, 34ED states that it is a foreign limited liability company with its principal place of business in Georgia.

34ED does not dispute that the Court has personal jurisdiction over 34ED for purposes of this litigation.

9.

The allegations of Paragraph 9 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent a response is permitted or required, 34ED states that it does not dispute that venue is proper for purposes of this litigation.

## FACTUAL BACKGROUND

10.

34ED objects to Plaintiff's definition of "AlertPoint System" as vague and ill-defined, and specifically denies that AlertPoint ever owned any of the property 34ED acquired from Dean Olds and RoomPro.[1] 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 10 of Plaintiff's Second Amended Complaint and therefore denies same.

---

[1] 34ED incorporates this objection into each paragraph of Plaintiff's Second Amended Complaint where the term "AlertPoint System" is used.

11.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 11 of Plaintiff's Second Amended Complaint and therefore denies same.

12.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 12 of Plaintiff's Second Amended Complaint and therefore denies same.

13.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 13 of Plaintiff's Second Amended Complaint and therefore denies same.

14.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 14 of Plaintiff's Second Amended Complaint and therefore denies same.

15.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 15 of Plaintiff's Second Amended Complaint and therefore denies same.

16.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 16 of Plaintiff's Second Amended Complaint and therefore denies same.

17.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 17 of Plaintiff's Second Amended Complaint and therefore denies same.

18.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 18 of Plaintiff's Second Amended Complaint and therefore denies same.

19.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 19 of Plaintiff's Second Amended Complaint and therefore denies same.

20.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 20 of Plaintiff's Second Amended Complaint and therefore denies same.

21.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 21 of Plaintiff's Second Amended Complaint and therefore denies same.

22.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 22 of Plaintiff's Second Amended Complaint and therefore denies same.

23.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 23 of Plaintiff's Second Amended Complaint and therefore denies same.

24.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 24 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED further denies the allegations of Paragraph 24 to the extent they imply or suggest that Mr. Allen invented the idea of emergency alert notification systems for use in schools.

25.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 25 of Plaintiff's Second Amended Complaint and therefore denies same.

26.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 26 of Plaintiff's Second Amended Complaint and therefore denies same.

27.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 27 of Plaintiff's Second Amended Complaint and therefore denies same.

28.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 28 of Plaintiff's Second Amended Complaint and therefore denies same.

29.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 29 of Plaintiff's Second Amended Complaint and therefore denies same.

30.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 30 of Plaintiff's Second Amended Complaint and therefore denies same.

31.

34ED objects to the term "emergency alert notification system" as used in this Paragraph as being vague and ill-defined.[2]   Upon information and belief, 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 31 of Plaintiff's Second Amended Complaint.

32.

Upon information and belief, 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 32 of Plaintiff's Second Amended Complaint.

---

[2]   34ED incorporates this objection into each paragraph of Plaintiff's Second Amended Complaint where the term "emergency alert notification system" is used.

33.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 33 of Plaintiff's Second Amended Complaint and therefore denies same.

34.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 34 of Plaintiff's Second Amended Complaint and therefore denies same.

35.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 35 of Plaintiff's Second Amended Complaint and therefore denies same.

36.

The allegations of Paragraph 36 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent that a response is permitted or required, 34ED denies the allegations of Paragraph 36 of Plaintiff's Second Amended Complaint.

37.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 37 of Plaintiff's Second Amended Complaint and therefore denies same.

38.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 38 of Plaintiff's Second Amended Complaint and therefore denies same.

39.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 39 of Plaintiff's Second Amended Complaint and therefore denies same. Responding further, 34ED states that Dean Olds was never an officer for AlertPoint in the Georgia Secretary of State's records.

40.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 40 of Plaintiff's Second Amended Complaint and therefore denies same. Responding further, 34ED states that Dean Olds was never an officer for AlertPoint in the Georgia Secretary of State's records.

41.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 41 of Plaintiff's Second Amended Complaint and therefore denies same.

42.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 42 of Plaintiff's Second Amended Complaint and therefore denies same.

43.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 43 of Plaintiff's Second Amended Complaint and therefore denies same.

44.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 44 of Plaintiff's Second Amended Complaint and therefore denies same.

45.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 45 of Plaintiff's Second Amended Complaint and therefore denies same.

46.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 46 of Plaintiff's Second Amended Complaint and therefore denies same.

47.

34ED objects to the terms "AlertPoint software and firmware" and "*the* infrastructure architecture and *the* mobile application" as used in this Paragraph as being vague and ill-defined.  34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 47 of Plaintiff's Second Amended Complaint and therefore denies same.

48.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 48 of Plaintiff's Second Amended Complaint and therefore denies same.

49.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 49 of Plaintiff's Second Amended Complaint and therefore denies same.

50.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 50 of Plaintiff's Second Amended Complaint and therefore denies same.

51.

34ED denies allegations of Paragraph 51 of Plaintiff's Second Amended Complaint. Upon information and belief, Mr. Manivannan worked for RoomPro as an independent contractor.

52.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 52 of Plaintiff's Second Amended Complaint and therefore denies same.

53.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 53 of Plaintiff's Second Amended Complaint and therefore denies same.

54.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 54 of Plaintiff's Second Amended Complaint and therefore denies same.

55.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 55 of Plaintiff's Second Amended Complaint and therefore denies same.

56.

34ED admits that provisional patent application serial number 62,592,149 was filed by or on behalf of David Allen, listing himself as the sole inventor, with the United States Patent and Trademark Office on November 29, 2017 for a "CRISIS MANAGEMENT SYSTEM". 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 56 of Plaintiff's

Second Amended Complaint and therefore denies same. Responding further, 34ED denies that David Allen is the "inventor of the AlertPoint System."

57.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 57 of Plaintiff's Second Amended Complaint and therefore denies same.

58.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 58 of Plaintiff's Second Amended Complaint and therefore denies same.

59.

Upon information and belief, 34ED admits that portions of the software and firmware identified by Plaintiff as the "AlertPoint System" were written by various contract software developers and software development companies engaged by RoomPro. 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 59 of Plaintiff's Second Amended Complaint and therefore denies same.

60.

34ED objects to the term "EDCO / AlertPoint" as used in this paragraph as being vague and ill-defined, and specifically to the extent it is being used to assert that EDCO was or is "AlertPoint" or vice versa.[3]  Upon information and belief, 34ED admits that in January 2016, EDCO began loaning RoomPro money.  On or about July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 60 of Plaintiff's Second Amended Complaint.

61.

Upon information and belief, 34ED admits that RoomPro obtained assignments of intellectual property associated with the development of the RoomPro ALERT System[4] as it existed on or before December 31, 2016. Further, 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July

---

[3] 34ED incorporates this objection into each paragraph of Plaintiff's Second Amended Complaint where the term "EDCO / AlertPoint" is used.

[4] As used throughout this pleading, the "RoomPro ALERT System" means an emergency alert notification system which allows on-site personnel to trigger an alert so administrators, security personnel, and first responders can quickly respond to the specific location from which an alarm was triggered in response to a crisis or threatening situation.

26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 61 of Plaintiff's Second Amended Complaint. 34ED specifically denies that "EDCO / AlertPoint" have any ownership interest in the assigned intellectual property or that Olds was an officer of AlertPoint.

62.

Upon information and belief, 34ED admits the allegations of Paragraph 62 of Plaintiff's Second Amended Complaint.

63.

Upon information and belief, 34ED denies that AlertPoint paid for any work performed by Lakkadshaw before January 1, 2017. 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 63 of Plaintiff's Second Amended Complaint.

64.

Upon information and belief, 34ED admits the allegations of Paragraph 64 of Plaintiff's Second Amended Complaint.

65.

Upon information and belief, 34ED denies that AlertPoint paid for the work product covered by the Gadgeon assignment. 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED denies the remaining allegations of Paragraph 65 of Plaintiff's Second Amended Complaint.

66.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 66 of Plaintiff's Second Amended Complaint and therefore denies same.

67.

34ED denies the allegations of Paragraph 67 of Plaintiff's Second Amended Complaint.

68.

34ED admits that it required Olds to obtain written assignments from the contract developers of their rights in the RoomPro ALERT System for fair compensation as conditions to the closing of the APA.  34ED states that the phrase "actively assisted" is vague and ill-defined, and so it cannot adequately respond.  To

the extent further response is required, 34ED denies the remaining allegations of Paragraph 68 of Plaintiff's Second Amended Complaint.

69.

34ED denies the allegations of Paragraph 69 of Plaintiff's Second Amended Complaint.

70.

34ED denies the allegations of Paragraph 70 of Plaintiff's Second Amended Complaint, and specifically denies that any "scheme" ever existed between Dean Olds, RoomPro, and 34ED, or any combination of these parties, to use or obtain any intellectual property described in the Second Amended Complaint as the "AlertPoint System."

71.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 71 of Plaintiff's Second Amended Complaint and therefore denies same.

72.

34ED denies the allegations of Paragraph 72 of Plaintiff's Second Amended Complaint.

73.

34ED denies the allegations of Paragraph 73 of Plaintiff's Second Amended Complaint, and specifically denies the insinuations that 34ED engaged in improper activity through the use of the words "covertly," "exploiting," "usurp," "extorting," and "tortiously." 34ED further denies the allegations of Paragraph 73 of Plaintiff's Second Amended Complaint to the extent they suggest 34ED engaged in any wrongdoing or has any liability to Plaintiff in this litigation. In further response, 34ED objects to Plaintiff's definition of "AlertPoint System" as vague and ill-defined, and specifically denies that AlertPoint ever owned any of the property 34ED acquired from Olds and RoomPro.

74.

34ED objects to Plaintiff's definition of "AlertPoint System" as vague and ill-defined, and specifically denies that AlertPoint ever owned any of the property Defendant acquired from Olds and RoomPro. 34ED admits that it examined the code stack and technical support data for the RoomPro ALERT System and concluded it was not sufficiently compatible, robust, scalable, and secure to integrate into 34ED's development of its own emergency alert notification system.  To the extent further response is required, 34ED denies the remaining allegations of Paragraph 74 of Plaintiff's Second Amended Complaint.

28

75.

34ED admits that it received a letter of intent signed by Dean Olds and dated July 7, 2018 proposing to sell assets owned by Olds or RoomPro to 34ED.  34ED denies that AlertPoint ever owned any of the assets 34ED acquired from Olds and RoomPro. 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 75 of Plaintiff's Second Amended Complaint and therefore denies same.

76.

34ED admits that Olds and RoomPro entered into an Asset Purchase Agreement with 34ED dated July 27, 2018. 34ED denies the remaining allegations of Paragraph 76 of Plaintiff's Second Amended Complaint, and specifically these remaining allegations to the extent they suggest the assets acquired from RoomPro were property of AlertPoint, or that 34ED engaged in any wrongdoing or has any liability to Plaintiff in this litigation.

77.

34ED denies the allegations of Paragraph 77 of Plaintiff's Second Amended Complaint.  In further response, 34ED objects to Plaintiff's definition of "AlertPoint System" as vague and ill-defined.

78.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 78 of Plaintiff's Second Amended Complaint and therefore denies same.

79.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 79 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED further responds that the letter attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

80.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 80 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED further responds that the letter attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

81.

34ED admits its counsel sent a letter to AlertPoint on or about August 7, 2018. 34ED states that the letter attached to Plaintiff's Second Amended Complaint as Exhibit B speaks for itself.

82.

34ED states that the letter attached to Plaintiff's Second Amended Complaint as Exhibit B speaks for itself.  To the extent further response is required, 34ED denies the allegations of Paragraph 82 of Plaintiff's Second Amended Complaint.

83.

34ED objects to Plaintiff's definition of "AlertPoint System" as vague and ill-defined, preventing it from adequately responding to the allegations in Paragraph 83 of Plaintiff's Second Amended Complaint. To the extent further response is required, 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 83 and therefore denies same

84.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 84 of Plaintiff's Second Amended Complaint and therefore denies same.  In further response, 34ED states that whether the allegations of Paragraph 84 are true or false, the components of the AlertPoint System Plaintiff purports to own are, at minimum, a derivative work of the RoomPro ALERT System owned by 34ED, and license fees to 34ED are accordingly due from Plaintiff.

85.

34ED admits that it owns software from which the AlertPoint System appears to be derived, and 34ED is the owner of the components of the AlertPoint system Plaintiff purports to own. To the extent further response is required, 34ED denies the remaining allegations of Paragraph 85 of Plaintiff's Second Amended Complaint.

86.

34ED denies the allegations of Paragraph 86 of Plaintiff's Second Amended Complaint.

87.

34ED denies the allegations of Paragraph 87 of Plaintiff's Second Amended Complaint.

**COUNT I**
**DECLARATORY JUDGMENT**
**(AGAINST DEAN OLDS, ROOMPRO AND 34ED)**

88.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-87 of Plaintiff's Second Amended Complaint as if fully set forth herein.

89.

The allegations of Paragraph 89 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent that a response is permitted or required, 34ED denies the allegations of Paragraph 89.

90.

34ED admits that 34ED owns the hardware, designs, source code, software, programmers' notes, technical descriptions, specifications, and all other intellectual property associated with the RoomPro ALERT System. 34ED lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 90 of the Second Amended Complaint, and therefore, those allegations are denied. The allegations in the third sentence of Paragraph 90 of the Second Amended Complaint consists of legal conclusions which require no response from 34ED. To the extent any additional response is required, the allegations are denied. 34ED adds that what Plaintiff refers to in its Second Amended Complaint as the "AlertPoint System" on information and belief is an unauthorized derivative work of the RoomPro ALERT System.

91.

Upon information and belief, 34ED admits that in January 2016, EDCO began loaning RoomPro money. On July 26, 2016, EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro, which was fully repaid by RoomPro. 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 91 of Plaintiff's Second Amended Complaint and therefore denies same.

92.

34ED denies that it purchased any hardware or software belonging to AlertPoint.   In further response, to the extent the notice and date referenced in this Paragraph are based upon the letter attached as Exhibit B to the Second Amended Complaint, the letter speaks for itself. 34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 92 of Plaintiff's Second Amended Complaint and therefore denies same.

93.

34ED admits that it has instructed Plaintiff that it must stop using the intellectual property that 34ED purchased from RoomPro and Mr. Olds. 34ED lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations in Paragraph 93 of the Second Amended Complaint, and therefore denies same.

94.

The allegations of Paragraph 94 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent that a response is permitted or required, 34ED denies the allegations of Paragraph 94.

95.

The allegations of Paragraph 95 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent that a response is permitted or required, 34ED denies the allegations of Paragraph 95.

### COUNT II
### UNJUST ENRICHMENT
### (ALTERNATIVE COUNT)
### (AGAINST DEAN OLDS AND ROOMPRO)

96.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-95 of Plaintiff's Second Amended Complaint as if fully set forth herein.

97. -101.

The allegations of Paragraph 97-101 of Plaintiff's Second Amended Complaint are not directed against 34ED and do not require a response. To the extent a response is required, 34ED denies the allegations of Paragraph 97-101.

### COUNT III
### QUANTUM MERUIT
### (ALTERNATIVE COUNT)
### (AGAINST DEAN OLDS AND ROOMPRO)

102.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-101 of Plaintiff's Second Amended Complaint as if fully set forth herein.

103. -108.

The allegations of Paragraph 103-108 of Plaintiff's Second Amended Complaint are not directed against 34ED and do not require a response. To the extent a response is required, 34ED denies the allegations of Paragraph 103-108.

**COUNT IV**
**BREACH OF FIDUCIARY DUTY**
**(AGAINST DEAN OLDS)**

109.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-108 of Plaintiff's Second Amended Complaint as if fully set forth herein.

110. -121.

The allegations of Paragraph 110-121 of Plaintiff's Second Amended Complaint are not directed against 34ED and do not require a response. To the extent a response is required, 34ED denies the allegations of Paragraph 110-121.

## COUNT V
## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
## (AGAINST 34ED)

### 122.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-121 of Plaintiff's Second Amended Complaint as if fully set forth herein.

### 123.

34ED denies the allegations of Paragraph 123 of Plaintiff's Second Amended Complaint.

### 124.

34ED denies the allegations of Paragraph 124 of Plaintiff's Second Amended Complaint.

### 125.

34ED denies the allegations of Paragraph 125 of Plaintiff's Second Amended Complaint.

### 126.

34ED denies the allegations of Paragraph 126 of Plaintiff's Second Amended Complaint.

127.

34ED admits that on or about July 27, 2018, Dean Olds and RoomPro entered into an Asset Purchase Agreement with 34ED. 34ED denies the remaining allegations of Paragraph 127 of Plaintiff's Second Amended Complaint.

128.

34ED denies the allegations of Paragraph 128 of Plaintiff's Second Amended Complaint.

129.

34ED denies the allegations of Paragraph 129 of Plaintiff's Second Amended Complaint.

130.

34ED denies the allegations of Paragraph 130 of Plaintiff's Second Amended Complaint.

**COUNT VI**
**USURPATION OF CORPORATE OPPORTUNITIES**
**(AGAINST DEAN OLDS)**

131.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-130 of Plaintiff's Second Amended Complaint as if fully set forth herein.

132.-141.

The allegations of Paragraph 132-141 of Plaintiff's Second Amended Complaint are not directed against 34ED and do not require a response. To the extent a response is required, 34ED denies the allegations of Paragraph 132-141.

**COUNT VII**
**MISAPPROPRIATION OF TRADE SECRETS**
**(AGAINST DEAN OLDS, ROOMPRO, AND 34ED)**

142.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-141 of Plaintiff's Second Amended Complaint as if fully set forth herein.

143.

The allegations of Paragraph 143 of Plaintiff's Second Amended Complaint constitute the legal conclusions of the pleader to which no response is required by 34ED. To the extent that a response is permitted or required, 34ED denies the allegations of Paragraph 143.

144.

34ED denies the allegations of Paragraph 144 of Plaintiff's Second Amended Complaint.

145.

34ED denies the allegations of Paragraph 145 of Plaintiff's Second Amended Complaint.

146.

34ED denies the allegations of Paragraph 146 of Plaintiff's Second Amended Complaint, including all subparts.

147.

34ED denies the allegations of Paragraph 147 of Plaintiff's Second Amended Complaint.

148.

34ED denies the allegations of Paragraph 148 of Plaintiff's Second Amended Complaint.

149.

34ED denies the allegations of Paragraph 149 of Plaintiff's Second Amended Complaint.

150.

34ED denies the allegations of Paragraph 150 of Plaintiff's Second Amended Complaint.

151.

34ED denies the allegations of Paragraph 151 of Plaintiff's Second Amended Complaint.

152.

34ED denies the allegations of Paragraph 152 of Plaintiff's Second Amended Complaint.

153.

34ED denies the allegations of Paragraph 153 of Plaintiff's Second Amended Complaint.

154.

34ED denies the allegations of Paragraph 154 of Plaintiff's Second Amended Complaint.

155.

34ED denies the allegations of Paragraph 155 of Plaintiff's Second Amended Complaint.

## COUNT [V]III[5]
## CIVIL CONSPIRACY
## (AGAINST DEAN OLDS, ROOMPRO, AND 34ED)

### 156.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-155 of Plaintiff's Second Amended Complaint as if fully set forth herein.

### 157.

34ED denies the allegations of Paragraph 157 of Plaintiff's Second Amended Complaint.

### 158.

34ED denies the allegations of Paragraph 158 of Plaintiff's Second Amended Complaint.

### 159.

34ED denies the allegations of Paragraph 159 of Plaintiff's Second Amended Complaint.

---

[5] The Second Amended Complaint calls its Civil Conspiracy cause of action "Count XIII," though it falls between the Seventh and Ninth Counts in the pleading.

## COUNT IX
## CONVERSION
## (AGAINST DEAN OLDS)

160.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-159 of Plaintiff's Second Amended Complaint as if fully set forth herein.

161. -162.

The allegations of Paragraph 161-162 of Plaintiff's Second Amended Complaint are not directed against 34ED and do not require a response. To the extent a response is required, 34ED denies the allegations of Paragraph 161-162.

## COUNT X
## TRADEMARK INFRINGEMENT
## UNDER GEORGIA COMMON LAW AND O.C.G.A. § 23-2-55
## (AGAINST 34ED)

163.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-162 of Plaintiff's Second Amended Complaint as if fully set forth herein.

164.

34ED denies the allegations of Paragraph 164 of Plaintiff's Second Amended Complaint.

165.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 165 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

166.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 166 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

167.

34ED denies the allegations of Paragraph 167 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

168.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 168 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

169.

Upon information and belief, 34ED admits that AlertPoint has filed a trademark application with the United States Patent and Trademark Office ("USPTO") seeking registration of the mark ALERTBADGE in connection with "wearable alert units for use in facilitating communication in the event of an emergency". The application is based upon AlertPoint's alleged intention to use the mark in connection with the wearable alert units. The USPTO has refused to register the application twice stating the mark is descriptive of the goods. The application currently remains pending. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

170.

34ED admits that it has used the terms "ALERT BADGE" to describe a component of its system. 34ED denies the remaining allegations of Paragraph 170

of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

171.

34ED denies the allegations of Paragraph 171 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

172.

34ED denies the allegations of Paragraph 172 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

173.

34ED denies the allegations of Paragraph 173 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

## COUNT XI
## TRADEMARK INFRINGEMENT
## UNDER GEORGIA COMMON LAW AND O.C.G.A. § 23-2-55
## (AGAINST 34ED)

174.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-173 of Plaintiff's Second Amended Complaint as if fully set forth herein.

175.

34ED denies the allegations of Paragraph 175 of Plaintiff's Second Amended Complaint.

176.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 176 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBHUB mark.

177.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 177 of Plaintiff's Second Amended

Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

178.

34ED denies the allegations of Paragraph 178 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

179.

34ED is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 179 of Plaintiff's Second Amended Complaint and therefore denies same. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

180.

Upon information and belief, 34ED admits that AlertPoint has filed a trademark application with the USPTO seeking registration of for the mark ALERTHUB in connection with "alert beacons for use in providing a visual notification in the event of an emergency". The application is based upon AlertPoint's alleged intention to use the mark in connection with the alert beacons. The application currently remains pending. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

181.

34ED admits that it has used the terms "ALERT HUB" to describe a component of its system.  34ED denies the remaining allegations of Paragraph 181 of Plaintiff's Second Amended Complaint. Further, 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

182.

34ED denies the allegations of Paragraph 182 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

183.

34ED denies the allegations of Paragraph 183 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

184.

34ED denies the allegations of Paragraph 184 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

## COUNT XII
## UNFAIR COMPETITION UNDER THE LANHAM ACT,
## 15 U.S.C. § 1125(a)
## (AGAINST 34ED)

185.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-184 of Plaintiff's Second Amended Complaint as if fully set forth herein.

186.

34ED denies the allegations of Paragraph 186 of Plaintiff's Second Amended Complaint.

187.

34ED admits that it has used the terms "ALERT BADGE" to describe a component of its system.  34ED denies the remaining allegations of Paragraph 187 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

188.

34ED denies the allegations of Paragraph 188 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

51

189.

34ED denies the allegations of Paragraph 189 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

190.

34ED denies the allegations of Paragraph 190 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

191.

34ED denies the allegations of Paragraph 191 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTBADGE mark.

**COUNT XIII**
**UNFAIR COMPETITION UNDER THE LANHAM ACT,**
**15 U.S.C. § 1125(a)**
**(AGAINST 34ED)**

192.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-191 of Plaintiff's Second Amended Complaint as if fully set forth herein.

193.

34ED denies the allegations of Paragraph 193 of Plaintiff's Second Amended Complaint.

194.

34ED admits that it has used the terms "ALERT HUB" to describe a component of its system.  34ED denies the remaining allegations of Paragraph 194 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

195.

34ED denies the allegations of Paragraph 195 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

196.

34ED denies the allegations of Paragraph 196 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

197.

34ED denies the allegations of Paragraph 197 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

198.

34ED denies the allegations of Paragraph 198 of Plaintiff's Second Amended Complaint. 34ED denies that Plaintiff has any enforceable rights in the alleged ALERTHUB mark.

**COUNT XIV**
**ATTORNEYS' FEES AND COSTS**
**(AGAINST DEAN OLDS, ROOMPRO AND 34ED)**

199.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-198 of Plaintiff's Second Amended Complaint as if fully set forth herein.

200.

34ED denies the allegations of Paragraph 200 of Plaintiff's Second Amended Complaint.

## COUNT XV
## PUNITIVE DAMAGES
## (AGAINST DEAN OLDS, ROOMPRO AND 34ED)

201.

34ED realleges and incorporates by reference each of its responses to Paragraphs 1-200 of Plaintiff's Second Amended Complaint as if fully set forth herein.

202.

34ED denies the allegations of Paragraph 202 of Plaintiff's Second Amended Complaint.

203.

34ED denies the allegations of Paragraph 203 of Plaintiff's Second Amended Complaint.

Responding to the "WHEREFORE" clauses of Plaintiff's Second Amended Complaint, 34ED denies that Plaintiff is entitled to any of the relief prayed for therein. To the extent any allegation of Plaintiff's Second Amended Complaint has not been specifically admitted, denied or otherwise controverted, such allegation is hereby denied.

**<u>VERIFIED COUNTERCLAIMS AGAINST ALERTPOINT, LLC AND THIRD-PARTY COMPLAINT AGAINST COUNTERCLAIM-DEFENDANTS DAVID ALLEN AND EDCO-EDUCATIONAL CONSULTANTS, INC.</u>**

34ED, LLC ("34ED") brings the following verified counterclaims against Counterclaim-Defendant AlertPoint, LLC ("AlertPoint") and Third-Party Complaint against Third-Party Defendants David Allen ("Allen") and EDCO-Educational Consultants, Inc. ("EDCO") (AlertPoint, Allen, and EDCO, collectively, the "Allen Parties"):

**<u>NATURE OF THE ACTION</u>**

1.

34ED is a limited liability company doing business as CENTEGIX™. CENTEGIX innovates technology to enrich and save lives. CENTEGIX's CrisisAlert™ system is an IoT crisis management solution that utilizes mobile and desktop applications along with a mesh network of alert badges and strobes to provide campus and district-wide protection.

2.

CENTEGIX's CrisisAlert™ protects over 600,000 people with more than 250,000 smart devices in 700 locations across nine states.

56

3.

CENTEGIX's core platform boasts a 100% uptime and proactively monitors 2.5 million system health datapoints daily.

4.

In 2019 CrisisAlert™ has successfully delivered 6,942 alert notifications for medical, severe weather, physical conflict, and other threats or incidents.

5.

34ED is beating AlertPoint and its associates in the marketplace for emergency alert notification systems.  Because of 34ED's success in the market, AlertPoint has turned to this Court in desperation to advance invented narratives and meritless claims, hoping that AlertPoint can survive in the marketplace despite lacking any rights to or possession of a reliable, secure product.

6.

34ED's Counterclaims[6] under the Lanham Act and for declaratory judgment, common law trademark infringement, unfair and deceptive business practices, quasi-contract, and attorneys' fees address AlertPoint's abusive, deceptive, and harassing conduct before this Court and in the marketplace.

---

[6] 34ED uses the term "Counterclaims" in this pleading to refer to its claims against AlertPoint, Allen, and EDCO.

7.

34ED seeks monetary and injunctive relief from AlertPoint, Allen, and EDCO for their misconduct and for embroiling 34ED unnecessarily in a straightforward business divorce between David Allen and Dean Olds.

## THE PARTIES

8.

34ED is a Delaware limited liability company with its principal place of business at 2000 Riveredge Parkway, Suite 100, Atlanta, Georgia, 30328.

9.

Upon information and belief, Defendant-in-Counterclaim AlertPoint is a Georgia limited liability company with its principal place of business at 2125 Barrett Park Dr., Ste. 105, Kennesaw, Georgia 30144. Upon information and belief, the sole member of AlertPoint is Allen.

10.

Third-party Defendant EDCO is a Georgia company that, upon information and belief, is owned solely and individually by Allen.

11.

Third-party Defendant Allen is, upon information and belief, a Georgia resident, owner of third-party Defendant EDCO, and sole member of Defendant-in-Counterclaim AlertPoint.

## JURISDICTION AND VENUE

12.

This Court has jurisdiction over the subject matter of this Counterclaim and the Third-Party Complaint under 15 U.S.C. §§ 1119 and 1121 as well as 28 U.S.C. §§ 2201, 2202, 1331, 1338, and 1367.

13.

This Court has personal jurisdiction over Allen because he is a resident of this State and the judicial district over which this Court exercises jurisdiction.

14.

This Court has personal jurisdiction over AlertPoint and EDCO because each is a Georgia company with a principal place of business in Georgia.

15.

Each of the Allen Parties also is subject to personal jurisdiction in this District because it transacts business in, and has substantial contacts with, this District.

16.

Each of the Allen Parties also is subject to jurisdiction in this District and before this Court because they have already availed itself of this jurisdiction by actively litigating this case. *See, e.g.,* Dkt. No. [46] (Allen and EDCO's Answer and Defenses to Defendants' Counterclaim, and Third-Party Complaint); Order [42] at 3 (the "Motion for joinder to add [Allen] and [EDCO] is moot because these parties were added to the case pursuant to Defendants' amended third-party complaint").

17.

Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS

**A.    34ED's Crisis Management Software And Hardware Solutions Business**

18.

34ED, d/b/a CENTEGIX, is a company specializing in crisis management software and hardware focused on delivering safety and security solutions to education and business organizations around the United States.

19.

34ED engaged in reselling Audio Enhancement classroom audio systems which included a remote microphone with a panic button.

20.

Dissatisfied with the reliability of these systems, 34ED sought to develop and did develop an emergency alert notification and crisis management system, CrisisAlert™, to use in schools and other public institutions.

21.

Between January and April 2018, Adam Williams, 34ED's head of engineering, conceived of, developed, and built in concert with 34ED principals a prototype for CrisisAlert™.

**B.      34ED Is Introduced to Dean Olds And RoomPro**

22.

In April 2018, Williams read a newspaper article in the Atlanta Journal-Constitution about Dean Olds ("Olds"), who was working on an emergency alert notification system reported to have the same goals as 34ED's developing product.

23.

Jim Szyperski, 34ED's former Chief Executive Officer, met Dean Olds for the first time on May 15, 2018 to discuss a possible reseller relationship in which 34ED would resell the RoomPro ALERT System[7] owned by Olds' company,

---

[7] *See* footnote 4 *supra*.

RoomPro Technologies, Inc. ("RoomPro"). Szyperski and Olds concluded that a partnership between the companies may benefit them both in the future.

### 24.

At this time, Olds was working with AlertPoint on the RoomPro ALERT System.

**C.     34ED Purchases RoomPro Assets And Intellectual Property**

### 25.

Discussions about resale soon evolved into discussions about the purchase of the RoomPro ALERT System.

### 26.

34ED and Olds negotiated in June and July 2018 to purchase certain of RoomPro's assets and intellectual property as they existed on December 31, 2016, including without limitation all hardware, software, applications, proprietary rights, and goodwill related to the RoomPro ALERT System (the "Purchased Assets").

### 27.

The properties purchased by 34ED from Olds and RoomPro are reflected in the Asset Purchase Agreement (the "APA") and in the Bill of Sale (attached as **Exhibit A**).

28.

As part of 34ED's due diligence, 34ED learned that Olds was not an officer of AlertPoint. In particular, 34ED learned that Olds had no authority to act on behalf of AlertPoint unless authorized to do so.  *See* Apr. 2, 2018 email from C. Brown to D. Olds and D. Allen (attached as **Exhibit B**.)

29.

Olds was not named as an officer in any AlertPoint articles of organization, operating agreement, or other AlertPoint company document.

**D.     34ED Determines RoomPro's Software Code Stack Could Not Be Used In 34ED's Crisis Alert™ System**

30.

On July 12, 2018, Olds shared a .zip file of RoomPro's code stack and associated intellectual property as it existed on December 31, 2016.

31.

As part of 34ED's due diligence, 34ED reviewed the code stack developed by Olds and RoomPro for the RoomPro ALERT System.

32.

After that initial review, however, 34ED concluded the code stack developed by Olds and RoomPro for the RoomPro ALERT System was not needed to continue to develop and enhance CrisisAlert™.

63

33.

The code stack supporting the RoomPro ALERT System was not sufficiently compatible, robust, scalable, or secure to use in 34ED's separately conceived and developed product.

34.

34ED further determined that not using the code stack supporting the RoomPro ALERT System should avoid any potential challenges by AlertPoint to the ownership of RoomPro's technology.

35.

34ED did not use and has not used the code stack developed by Olds and RoomPro for the RoomPro ALERT System, any of the code contained in the .zip file shared by Olds, or any other of the Purchased Assets to develop, test, build, maintain, improve, or otherwise affect 34ED's products in the marketplace at any point in those products' development, marketing, or sale, including CrisisAlert™.

36.

Rather, 34ED employed a "clean room" process. The developer contracted on a work-for-hire basis to work on 34ED's emergency alert notification and crisis management system never saw, let alone used, the code contained in the RoomPro .zip file.

37.

Notwithstanding the lack of compatibility of the RoomPro System code stack, 34ED concluded that buying the Purchased Assets, which had been developed to achieve goals similar to CrisisAlert™, would be beneficial to 34ED.

38.

34ED could replace RoomPro's outdated, incompatible products in the marketplace sooner, open a clearer channel better positioning 34ED to compete in the marketplace with others (including AlertPoint), and add a knowledgeable sales engineer in Olds.

39.

As part of 34ED's due diligence, 34ED learned that there was no requirement for Olds to keep confidential or not disclose his work, RoomPro's work, AlertPoint's work, or the work of RoomPro or AlertPoint employees or independent contractors as any of it existed on or before December 31, 2016.

40.

34ED required Olds and RoomPro to obtain written assignments from the contract developers of their rights in the RoomPro ALERT System to Olds or RoomPro for fair compensation as conditions to the closing of the asset purchase agreement (the "APA") between 34ED and Olds/RoomPro.

**E.**  **Olds And RoomPro's Use Of "AlertPoint"**

41.

As part of 34ED's due diligence, 34ED learned that Olds had registered the web domain name "alertpoint.com" in December 2014.

42.

Olds and RoomPro had used the name AlertPoint and an associated mark to market, advertise, brand, and sell the RoomPro ALERT System in the relevant marketplace since at least May 2015.

43.

As part of 34ED's due diligence, 34ED also learned that Olds and RoomPro had continuously used the mark "AlertPoint," the AlertPoint mark, and the "alertpoint.com" domain since as early as May 2015 to market, advertise, brand, and sell the RoomPro ALERT System to consumers in the relevant marketplace.

44.

As part of 34ED's due diligence, 34ED learned that Allen and AlertPoint had each claimed ownership of the RoomPro ALERT System and the AlertPoint mark.

45.

Allen and AlertPoint's claims were false and unfounded.

46.

Upon information and belief, Allen, along with the general counsel for AlertPoint and Allen's daughter, Christy Allen, submitted a provisional patent drafted by Olds's counsel to the U.S. Patent and Trademark Office on or around November 29, 2017 without Olds's name as inventor in an attempt to misappropriate recognition of inventorship of the RoomPro ALERT System and to secure patent protection, to be owned by one or more of the Allen Parties.

**F.    34ED Acquires The Purchased Assets Which Included The RoomPro Alert System Intellectual Property**

47.

The parties signed the APA dated July 27, 2018, to close 34ED's acquisition of the Purchased Assets,.

48.

AlertPoint does not own and never has owned the RoomPro ALERT System or the trademarks and other intellectual property associated with the RoomPro ALERT system, including the Purchased Assets acquired by 34ED from Olds and RoomPro through the APA.

49.

As a result of the APA, RoomPro had sufficient funds to satisfy the promissory note owed by RoomPro to EDCO.

67

50.

EDCO accepted RoomPro's payment in full of the promissory note.

51.

After 34ED's acquisition of assets from Olds and RoomPro, 34ED sent a letter to AlertPoint and Allen notifying them of 34ED's purchase of the Purchased Assets (Ex. B to the Second Amended Complaint), and directing them not to copy, distribute, make, sell, or otherwise use the RoomPro ALERT System or any derivative works based on it without authorization from 34ED.

52.

As part of 34ED's notice to AlertPoint and Allen to cease and desist any use of the RoomPro ALERT System or any derivative works based on it, 34ED offered to provide a license to AlertPoint to use any derivative works based on 34ED's intellectual property so that AlertPoint could maintain its business relationship with Cobb County School District or other school districts in Georgia.

53.

In response, AlertPoint filed this lawsuit against Olds and RoomPro.

## COUNT ONE
### (False Designation of Origin and False and/or Misleading Descriptions under the Lanham Act – 15 U.S.C. § 1125)
### *Against the Allen Parties*

54.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

55.

Olds registered the domain name, "alertpoint.com" on December 10, 2014. At that time, Olds also started developing a website to be hosted at "alertpoint.com".

56.

Olds and RoomPro designed and started using the mark ALERTPOINT as part of a logo (the "ALERTPOINT Logo") at least as early as May of 2015 in connection with promoting and offering for sale the RoomPro ALERT System.

57.

Since at least as early as May 2015, Olds and RoomPro continuously used the trademark ALERTPOINT, the ALERTPOINT Logo, and the "alertpoint.com" web domain to market and sell the RoomPro ALERT System to potential and actual consumers.

58.

Long prior to any use of the term "ALERTPOINT" by any of the Allen Parties and perhaps as early as May 2015, Olds and RoomPro acquired common law trademark rights in the trademarks ALERTPOINT and the ALERTPOINT Logo for use with crisis management systems such as the RoomPro ALERT system.

59.

Through the APA, 34ED owns the Purchased Assets including the common law rights to the ALERTPOINT trademark and the ALERTPOINT Logo trademark.

60.

The APA specifically provided for 34ED's purchase of Olds's and RoomPro's "Proprietary Rights and the goodwill associated therewith, licenses and sublicenses granted and obtained with respect thereto (other than licenses where Sellers, or either of them, are the licensor or sub-licensor, as opposed to the recipient of rights), and rights thereunder, remedies against infringements thereof and rights to protection of interests therein under the Laws of all jurisdictions," among other Assets.

61.

Through the letters sent by RoomPro and by 34ED in August 2018 (Exhibits A and B to AlertPoint's Second Amended Complaint), the Allen Parties were notified of the APA, 34ED's acquisition of assets from RoomPro including the

ALERTPOINT mark and the ALERTPOINT Logo mark as well as 34ED's conditions of any proposed license going forward.

62.

After filing this lawsuit, the Allen Parties continued to use the ALERTPOINT mark and the ALERTPOINT Logo mark without authorization from 34ED.

63.

On or about September 19, 2018, after receiving the letters sent by RoomPro and by 34ED and after filing this lawsuit, AlertPoint represented to the USPTO, under penalty of perjury, the following to convince the USPTO to issue a trademark registration for the mark ALERTPOINT to AlertPoint:

> "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive."

Attached as **Exhibit C** is a true and correct copy of the Statement of Use, executed by Christina Brown on behalf of AlertPoint.

64.

The filing of this Statement of Use telling the USPTO that AlertPoint was the exclusive user of the ALERTPOINT mark led to the issuance of U.S. TM Reg. No. 5,663,595.

65.

Ms. Brown and AlertPoint, having filed this lawsuit against RoomPro, were aware that RoomPro had transferred certain assets and intellectual property to 34ED in connection with the APA.

66.

Ms. Brown and the Allen Parties know that AlertPoint did not have ownership, possession, custody or control of the "alertpoint.com" domain name when Ms. Brown signed and AlertPoint submitted the Statement of Use to the USPTO.

67.

On or about November 2, 2018, Ms. Brown registered the domain name "alertpointsecurity.com" in her name individually as the Registrant and leaving the Registrant Organization information blank.  Attached as **Exhibit D** is a true and correct copy of WHOIS search results for "alertpointsecurity.com" downloaded from GoDaddy's WHOIS search tools on November 8, 2019.

68.

On January 10, 2019, AlertPoint filed another application with the USPTO seeking registration of the ALERTPOINT Logo.  On information and belief, this application will be published by the USPTO on or about November 12th for opposition.

69.

Also on January 10, 2019, AlertPoint filed an application with the USPTO seeking registration of the Mark "ALERTPOINT SECURITY".  On information and belief, this application will be published by the USPTO on or about November 12th for opposition.

70.

On or about January 17, 2019, Ms. Brown filed business formation documents with the Georgia Secretary of State to organize "Alertpoint Security, LLC".

71.

On January 29, 2019, AlertPoint filed an application with the USPTO seeking registration of the Mark "I AM AN ALERTPOINT".  On information and belief, this application will be published by the USPTO on or about November 12th for opposition.

72.

Upon information and belief, the Allen Parties have used and continue to use the trademark ALERTPOINT to promote and sell crisis management systems in competition with 34ED and without authorization from 34ED.

73.

In view of the rights and goodwill 34ED acquired through the APA in the ALERTPOINT mark and the ALERTPOINT Logo mark, the Allen Parties' unauthorized uses of "ALERTPOINT":

(A) are likely to cause confusion, mistake and/or deception among consumers in the relevant marketplace as to an affiliation, connection or association with 34ED, or as to the origin, sponsorship, or approval of the Allen Parties' goods, services and commercial activities by 34ED, and

(B) misrepresent the nature, characteristics, qualities and/or origin of the Allen Parties' goods, services and commercial activities as continuing to be the same or similar to the nature, characteristics, qualities and/or origin of the Purchased Assets that 34ED acquired under the APA.

74.

Mr. Allen, EDCO, and/or Plaintiff's unauthorized use of the ALERTPOINT mark and the ALERTPOINT Logo mark had caused, and will continue to cause false

designation or origin, trademark infringement, unfair competition, and false and misleading advertising, in violation of 15 U.S.C. Section 1125(a)(1)(A)-(B).

75.

Mr. Allen, EDCO, and/or Plaintiff's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ALERTPOINT mark and the ALERTPOINT Logo mark to Defendants' irreparable injury.

76.

The Allen Parties are liable to 34ED for infringement of its non-registered ALERTPOINT trademark and the ALERTPOINT Logo trademark and false and/or misleading advertising due to their unauthorized uses of these trademarks.

77.

By their wrongful acts, the Allen Parties have caused and will continue to cause irreparable injury and damage to 34ED and to the goodwill associated with the ALERTPOINT and ALERTPOINT Logo trademarks, which cannot now be assessed or computed and, unless restrained by the Court, will continue.

78.

As a direct and proximate result of the foregoing, 34ED has and will continue to suffer damages according to proof at trial.  Consistent with 15 U.S.C. § 1117(a),

among other remedies, 34ED also is entitled to injunctive relief to prevent further unauthorized uses of the terms "ALERTPOINT".

## COUNT TWO
**(Trademark Infringement under Georgia Common Law and O.C.G.A. § 23-2-55)**
***Against the Allen Parties***

79.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

80.

The Allen Parties' uses of the ALERTPOINT mark and the ALERTPOINT Logo mark are identical to and confusingly similar to the ALERTPOINT mark and the ALERTPOINT Logo used by Olds and RoomPro since the spring of 2015.

81.

34ED Purchased the rights to the AlertPoint logo and mark in July 2018, including the goodwill associated with such marks and the rights to recover for infringements thereof.

82.

The relevant consumers in the niche market of crisis management systems are likely to be confused, mistaken, or deceived by the Allen Parties' infringing use.

83.

34ED, through the APA, is a senior user of the ALERTPOINT mark and the ALERTPOINT Logo mark over each of the Allen Parties.

84.

The Allen Parties' actions violate Olds and RoomPro's common law rights in Georgia associated with these trademarks and obtained by 34ED through the APA. Those violations will continue unless and until restrained by this Court.

85.

As a direct and proximate result of the foregoing, 34ED has and will continue to suffer damages according to proof at trial.

86.

34ED also is entitled to injunctive relief.

## COUNT THREE
**(Declaratory Judgment under 28 U.S.C. § 2201 et seq.)**
*Against the Allen Parties*

87.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

88.

A real, actual, and justiciable controversy between 34ED and the Allen Parties exists concerning ownership of and rights to use certain of the Purchased Assets that 34ED acquired from RoomPro through the APA including the ALERTPOINT Mark, the ALERTPOINT Logo Mark, the ALERTBADGE Mark, and the ALERTHUB Mark.

89.

AlertPoint alleges in its Second Amended Complaint that 34ED infringed on the ALERTBADGE Mark and the ALERTHUB Mark.

90.

34ED has not infringed on any Marks owned by AlertPoint or by any of the Allen Parties, including the ALERTBADGE and ALERTHUB Marks.

91.

34ED is entitled under 28 U.S.C. §§ 2201 and 2202 to a declaration that it does not infringe on any Marks owned by AlertPoint or by any of the Allen Parties, including the ALERTBADGE and ALERTHUB Marks.

92.

34ED, by and through its acquisition of the Purchased Assets via the APA and through Olds and RoomPro's prior use, have senior rights to the ALERTPOINT

Mark, the ALERTPOINT Logo Mark, and the ALERTBADGE and ALERTHUB Marks.

93.

None of 34ED, Olds, or RoomPro has abandoned their rights in the ALERTPOINT Mark, the ALERTPOINT Logo Mark, and the ALERTBADGE and ALERTHUB Marks.

94.

AlertPoint's continued use of the ALERTPOINT Mark, the ALERTPOINT Logo Mark, and the ALERTBADGE and ALERTHUB Marks without authorization by 34ED is likely to cause confusion, mistake, or deception among consumers in the marketplace.

95.

34ED accordingly is further entitled under 28 U.S.C. §§ 2201 and 2202 to a declaration that it, and not any of the Allen Parties, owns the ALERTPOINT Mark, the ALERTPOINT Logo Mark, and the ALERTBADGE and ALERTHUB Marks.

96.

34ED is further entitled to an order declaring that AlertPoint's uses of "ALERTPOINT," including in its corporate names and in web domain names, such as "alertpointsecurity.com", are without authorization and infringe on 34ED's rights.

## COUNT FOUR
**(Cancellation of Trademark Registration under 15 U.S.C. § 1119 et seq.)**
***Against AlertPoint***

97.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

98.

This is a claim for cancellation of U.S. Trademark Registration No. 5,633,595 (the "'595 Registration") for the ALERTPOINT Mark.

99.

The '595 Registration was obtained fraudulently by AlertPoint and is currently on the Principal Register in violation of 15 U.S.C. § 1064(3).

100.

AlertPoint alleges in Paragraph 89 of the Second Amended Complaint as follows: "A substantial controversy exists between AlertPoint, on one hand, and Dean Olds, RoomPro, and 34ED, on the other, regarding the ownership of the hardware and software associated with the" purported AlertPoint System.

101.

AlertPoint has placed "ownership of the hardware and software associated with the" purported AlertPoint System at issue before the Court.

80

102.

The "substantial controversy" over this property extends beyond hardware and software and into associated intellectual property, including the '595 Registration.

103.

As set forth above in paragraphs 61 – 66, AlertPoint knew that it was not the exclusive owner of the ALERTPOINT mark prior to filing the Statement of Use on September 20, 2018 that misled the USPTO to issue the '595 Registration to AlertPoint.

104.

Prior to filing the Statement of Use, AlertPoint knew that it did not own, control or possess the domain name "alertpoint.com".

105.

Prior to filing the Statement of Use, AlertPoint knew that Olds and RoomPro had begun using the mark ALERTPOINT long before AlertPoint existed.

106.

Prior to filing the Statement of Use, AlertPoint knew that 34ED, Olds and RoomPro had entered into the APA and as a result, AlertPoint had initiated this litigation against Olds and RoomPro seeking a declaratory judgment to have the

Court determine and resolve the controversy between AlertPoint, Olds and RoomPro as to ownership of certain rights to hardware, software and other property being used by AlertPoint.

107.

When Ms. Brown signed the Statement of Use declaring under penalty of perjury that "[she] believes the applicant is the owner of the mark sought to be registered.", Ms. Brown and AlertPoint knew that this statement was false.

108.

Furthermore, when Ms. Brown signed the Statement of Use declaring under penalty of perjury that

> To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive,

Ms. Brown and AlertPoint knew this statement was false.

109.

In November 2018, when Ms. Brown registered the domain name, alertpointsecurity.com, she listed herself as the Registrant and listed her email as "christy.brown@edcoeducation.com".  By that time, she and AlertPoint knew, as

she was seeking registration of alertpointsecurity.com, that AlertPoint did not own

the trademark ALERTPOINT or the domain name "alertpoint.com".

110.

Neither Ms. Brown nor AlertPoint took any steps to retract the Statement of

Use that had been submitted to the USPTO making false statements including that

"the applicant is the owner of the mark sought to be registered.," and that "To the

best of the signatory's [Ms. Brown's] knowledge and belief, no other persons, except,

if applicable, concurrent users, have the right to use the mark in commerce, either in

the identical form or in such near resemblance as to be likely, when used on or in

connection with the goods/services of such other persons, to cause confusion or

mistake, or to deceive."

111.

AlertPoint has fraudulently obtained the '595 Registration based upon the

false statements made by Ms. Brown and submitted to the USPTO on behalf of

AlertPoint in order to convince the USPTO to issue the '595 Registration.

112.

Pursuant to 15 U.S.C. § 1064(3) and to resolve this "substantial controversy," 34ED requests that this Court order that U.S. Trademark Registration No. 5,633,595 be cancelled immediately.

## **COUNT FIVE**
### **(Unjust Enrichment)**
### ***Against AlertPoint***

113.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

114.

As the result of AlertPoint's improper conduct, it received benefits at the expense of 34ED.

115.

AlertPoint used hardware, designs, source code, software, programmers' notes, technical descriptions, specifications, and other intellectual property associated with the RoomPro ALERT System on or before December 31, 2016 to build a product it now sells and markets under the name "AlertPoint Security."

116.

AlertPoint did not have any right, implied or otherwise, to use this intellectual property, which it never owned or licensed.

117.

AlertPoint benefitted from this unauthorized use of intellectual property belonging to Olds and RoomPro and, after July 27, 2018, to 34ED.

118.

AlertPoint received and retained this benefit at the expense of 34ED.

119.

AlertPoint has not provided payment or compensation for the benefits they received from Olds, RoomPro, or 34ED.

120.

AlertPoint's continued retention of these benefits is unjust and to the express detriment of 34ED.

121.

34ED is entitled to damages for the funds and/or benefits unjustly retained by AlertPoint in an amount to be determined at trial.

## COUNT SIX
### (Quantum Meruit)
### *Against AlertPoint*

122.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

123.

The Allen Parties failed and/or refused to reach an agreement with RoomPro or Olds concerning the Purchased Assets.

124.

Through the APA, 34ED reached an agreement with RoomPro and Olds and acquired the Purchased Assets.

125.

By its letter of August 14, 2018, 34ED disclosed to AlertPoint conditions pursuant to which 34ED would be willing to license certain rights to AlertPoint to permit AlertPoint to continue to use, promote and sell certain assets 34ED acquired from RoomPro and/or Olds.

86

126.

Upon information and belief, AlertPoint has used, further developed, promoted, licensed, and sold certain assets 34ED acquired from RoomPro and/or Olds to their benefit and without authorization from 34ED.

127.

34ED is accordingly entitled to damages, including without limitation license fees, in an amount to be determined at trial.

## COUNT SEVEN
### (Deceptive Trade Practices under O.C.G.A § 10-1-370 et seq.)
### *Against AlertPoint*

128.

34ED repeats and realleges the allegations set forth in paragraphs 18-53 above.

129.

The actions of AlertPoint described herein constitute deceptive trade acts and practices in violation of Georgia law, specifically the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq.

130.

Upon information and belief, AlertPoint has intentionally sold and advertised goods and services derived from and/or using intellectual property owned by 34ED

without 34ED's authorization so as to confuse and deceive purchasers as to the source, sponsorship, approval or certification of, or the affiliation, connection or association with 34ED or with 34ED's crisis management goods and services.

131.

As a direct and proximate result of AlertPoint's wrongful conduct, AlertPoint has caused and will cause confusion, mistake and deception among the purchasing public as to the source of AlertPoint's goods and services and AlertPoint has received and will continue to receive sales and profits generated from the strength of 34ED's superior goods and services.

132.

As a result of these acts of infringement and unfair competition, 34ED has suffered and will continue to suffer irreparable injury and damage to its business relationships with its current and prospective customers, including but not limited to lost profits, lost reputation and loss of goodwill.

133.

34ED is accordingly entitled to injunctive relief, costs, and attorneys' fees for AlertPoint's knowing and intentional violation of the Act.

## COUNT EIGHT
### (Attorneys' Fees)
### *Against the Allen Parties*

134.

34ED repeats and realleges the allegations set forth in Paragraphs 18-53 above.

135.

The Allen Parties have acted in bad faith, have been stubbornly litigious, and have caused 34ED unnecessary trouble and expense.

136.

Pursuant to O.C.G.A. § 13-6-11, 34ED is entitled to recovery of its expenses of litigation from the Allen Parties, including its reasonable attorneys' fees.

137.

In addition, AlertPoint knows that it does not own the RoomPro ALERT System, the Purchased Assets, or the derivative work described in the Second Amended Complaint as the "AlertPoint System."

138.

AlertPoint lacks substantial justification for its lawsuit against 34ED and has filed its lawsuit against 34ED for an improper purpose, namely, the harassment and

attempted intimidation of 34ED as 34ED continues to succeed in marketplace competition with AlertPoint.

139.

34ED is also entitled to an award of expenses of litigation, including its reasonable attorneys' fees, incurred in responding to AlertPoint's claims and in pressing its claims against the Allen Parties pursuant to O.C.G.A. § 9-15-14.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38, 34ED demands a trial by jury for all triable issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant 34ED respectfully prays as follows:

A. That Plaintiff take nothing by way of the Second Amended Complaint and judgment be entered in favor of Defendant 34ED on each and every cause of action in the Second Amended Complaint and the Counterclaims;

B. That Plaintiff's Second Amended Complaint be dismissed with prejudice, and that all relief requested by Plaintiff be denied;

C. That judgment be entered for Defendant 34ED;

D. That the Court issue an order declaring that the RoomPro ALERT System and all intellectual property associated with it, including the Purchased Assets, are owned by Defendant 34ED;

E. That judgment be entered declaring that the Allen Parties are legally barred and/or equitably precluded from asserting that Defendant 34ED infringes any of the Allen Parties' asserted rights and/or from recovering any damages;

F. That the Court issue an order declaring that Plaintiff fraudulently obtained U.S. Trademark Registration No. 5,663,595;

G. That the Court issue an order directing the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 5,663,595;

H. That the Court find that the Allen Parties have engaged in false designation of origin, false advertising, deceptive trade practices and unfair competition against 34ED;

I. That the Court issue an order enjoining the Allen Parties and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority of one or more of the Allen Parties, or in concert or participation with the Allen Parties, be enjoined permanently, from, directly or indirectly:

a. using the ALERTPOINT Mark, the ALERTPOINT Logo Mark, or any other copy, reproduction, or colorable imitation, or confusingly similar version of the same on or in connection with their services;

b. using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind in connection with any of their services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, trade dresses, names, or logos of 34ED;

c. using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind in connection with their services that is likely to cause confusion, mistake, deception, or public misunderstanding that such services are operated or provided by 34ED, RoomPro or Olds, or is sponsored or authorized by 34ED, RoomPro or Olds, or is in any way connected or related to 34ED, RoomPro or Olds; and

d. otherwise continuing any and all acts of false designation of origin, false advertising, unfair competition, deceptive trade practices, or false and/or misleading advertising as alleged herein;

J.  The Allen Parties be ordered to transfer the <alertpointsecurity.com> domain name to 34ED, or in the alternative, cease and desist from any and all further use of that domain name or any domain name containing the term "alertpoint" or any term confusingly similar to "alertpoint";

K.  That the Allen Parties' acts of false designation of origin, false advertising, unfair competition, deceptive trade practices, or false and/or misleading advertising complained of herein be deemed willful, and that 34ED be entitled to treble and punitive damages as a consequence;

L.  That 34ED have and recover its actual damages, compensatory damages, and punitive damages, in an amount to be proved at trial, to include pre-judgment and post-judgment interest as permitted by law;

M. That 34ED have and recover its actual attorneys' fees, expenses, and costs, both for the defense of this action, and for its Counterclaims; and

N.  That this Court award 34ED such other and further relief as this Court deems just and proper.

**[signature block on following page]**

Respectfully submitted, this 12th day of November, 2019.

**<u>Jeffrey D. Horst</u>**
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 7.1(D), I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

This 12th day of November, 2019.

<u>**Jeffrey D. Horst**</u>
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing *34ED's Verified Answer and Defenses to Plaintiff AlertPoint's Second Amended Complaint, Counterclaims, and Third-Party Complaint* via this Court's e-filing system, which will automatically provide notice and service to counsel for all parties of record.

This 12th day of November, 2019.

**Jeffrey D. Horst**
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALERTPOINT, LLC,          )
)
    Plaintiff,         )
)    Case No.: 1:18-cv-03879-ELR
v.                   )
)
DEAN OLDS, ROOMPRO    )
TECHNOLOGIES, INC., and 34ED, LLC,  )
)
    Defendants,      )
)
v.                   )
)
DAVID ALLEN and EDCO-    )
EDUCATIONAL CONSULTANTS, INC.,  )
)
    Counterclaim Defendants.  )

## **VERIFICATION OF 34ED, LLC**

Personally appeared before me, the undersigned officer, duly authorized by law to administer oaths, came Matthew Stevens who, after being duly sworn, states under oath, that the information contained in 34ED, LLC's *34ED's Verified Answer and Defenses to Plaintiff AlertPoint's Second Amended Complaint, Counterclaims, and Third-Party Complaint* is true and correct to the best of his knowledge, information, and belief.

KH565734.DOCX

This 12th day of November, 2019.

34FD, LLC

By:   Matthew Stevens
Its:   Chief Executive Officer

Sworn to and subscribed before
me this ___ day of _____, 2019.

NOTARY PUBLIC
My commission expires:

KH565734.DOCX