## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALERTPOINT, LLC,                          )
                                          )
    Plaintiff,                       )
                                          )  Case No.: 1:18-cv-03879-ELR
v.                                        )
                                          )
DEAN OLDS, ROOMPRO                        )
TECHNOLOGIES, INC., and 34ED, LLC,        )
                                          )
    Defendants,                      )
                                          )
v.                                        )
                                          )
DAVID ALLEN and EDCO-                     )
EDUCATIONAL CONSULTANTS, INC.,            )
                                          )
    Counterclaim Defendants.         )

## REPLY IN SUPPORT OF DEFENDANT 34ED, LLC'S MOTION TO DISMISS

Defendant 34ED, LLC ("34ED") submits the following Reply in Support of its Motion to Dismiss (Doc. 136).

## I.   ARGUMENT

AlertPoint does not dispute that a plaintiff bringing a claim under the GTSA cannot bring other claims based upon "the same factual allegations of misappropriation." *Robbins v. Supermarket Equip. Sales, LLC*, 290 Ga. 462, 467 (2012). AlertPoint's entire response to the dispositive statutory language of

O.C.G.A. § 10-1-763 and the multitude of Georgia cases cited by 34ED is predicated on an argument that its supporting allegations for all of its causes of action are "separate and distinct" from its trade secret allegations. But this is not how AlertPoint pled its Second Amended Complaint ("SAC").

All of AlertPoint's claims in Counts I (Declaratory Judgment), V (Aiding and Abetting Breach of Fiduciary Duty), XIII [sic] (Civil Conspiracy), XII (Unfair Competition Under the Lanham Act), XIII (Unfair Competition Under the Lanham Act), XIV (Attorneys' Fees and Costs), and XV (Punitive Damages) are based in whole or in part on its claim that 34ED, either directly or in concert with RoomPro and/or Dean Olds, misappropriated AlertPoint's trade secrets. AlertPoint parsing its allegations in its brief cannot change how it pled them in the SAC. Furthermore, AlertPoint does not address or remedy its flawed pleading practice incorporating all of its allegations in each count which renders AlertPoint's efforts to segregate the challenged claims from its trade secrets allegations futile. *See* 34ED's Motion, p. 6 n. 1.

AlertPoint cites *Candy Craft Creations, LLC v. Gartner*, No. CV 212-091, 2015 WL 1541507 (S.D. Ga. Mar. 31, 2015) as an example of claims asserting allegations "separate and distinct" from a misappropriation claim. There, the court concluded that the plaintiff's claims for fraud, breach of fiduciary duty, unjust

enrichment, and promissory estoppel were not preempted because each alleged facts outside those of a claim for trade secret misappropriation. *Id.,* at *15. Specifically, each count included additional facts relating to the improper solicitation of the plaintiff's customers. *Id.*

AlertPoint also cites *Amendia, Inc. v. Omni Surgical*, LLC, No. 1:12-CV-1168-CC, 2012 WL 13014953 (N.D. Ga. Sept. 25, 2012), which similarly held that the counter-plaintiffs' tortious interference claims included "separate and distinct" allegations involving improper solicitation of the counter-plaintiffs' clients and distributors. *Id.,* at *4.

Significantly, the court in *Amendia* allowed the counterclaim for tortious interference with business relations to proceed, but "limited to any alleged acts of [counter-defendant] and Third-Party Defendants pursuing [counter-plaintiff's] customers without regard to any alleged improper use of [counter-plaintiff's] trade secrets and confidential information by [counter-defendant] and Third-Party Defendants." *Id.*

Likewise, the counterclaim for tortious interference with contract was "limited to any alleged acts of [counter-defendant] and Third-Party Defendants encouraging Mr. Holland to solicit or to facilitate the solicitation of business from [counter-plaintiff's] existing and prospective clients on [counter-defendant's] behalf

irrespective of any alleged encouragement of Mr. Holland to use or disclose [counter-plaintiff's] trade secrets and confidential information for [counter-defendant's] benefit by [counter-defendant] and Third-Party Defendants." *Id.*

Unlike the "separate and distinct" allegations in *Candy Craft* and *Amendia,* AlertPoint's trade secret allegations pervade each of the causes of action at issue here. These claims should be dismissed because they are preempted by the GTSA.

## A. Count I (Declaratory Judgment)

AlertPoint argues that Count I (Declaratory Judgment) is not preempted because it involves a dispute over a "broader range of business assets than just trade secrets." Response, at p.9. Whether labeled a trade secret, patent, trademark, or otherwise, however, the intellectual property components that make up the "AlertPoint System"[1] are based on purportedly trade secret intellectual property that AlertPoint claims 34ED misappropriated.

While in *Amendia* the court could distinguish and sever the preempted portions of the claims from the non-preempted portions, all of the assets that

---

[1] 34ED objects to AlertPoint's definition of the "AlertPoint System" as vague and ill-defined, and specifically denies that AlertPoint ever owned any of the property 34ED acquired from Defendants Dean Olds and RoomPro Technologies, Inc. For purposes of this Motion to Dismiss, however, 34ED will address AlertPoint's allegations as they are stated in the Second Amended Complaint.

compose the "AlertPoint System" are, relate to, or were derived from the "software, software and hardware designs, programmers' notes, technical descriptions, and specifications" that AlertPoint claim "constitute trade secrets." SAC, ¶ 144. As a result, the cause of action is preempted in its entirety.[2]

AlertPoint also argues that 34ED has not identified authority showing that the GTSA can preempt a declaratory judgment claim. Response, at p.12 n. 3. AlertPoint offers no authority to the contrary, however. The statutory text provides that the GTSA "supersede[s] conflicting . . . laws of this state providing *civil remedies* for misappropriation of a trade secret." O.C.G.A. § 10-1-767(a) (emphasis added). As a declaratory judgment is a form of civil remedy, Count I may properly be dismissed based on GTSA preemption.

**B.  Count V (Aiding and Abetting Breach of Fiduciary Duty)**

AlertPoint contends that the allegations in Count V (Aiding and Abetting Breach of Fiduciary Duty) "go far beyond the mere disclosure of trade secrets by Olds to 34ED." Response, p.14. As support, AlertPoint cites *Prof'l Energy Mgmt., Inc. v. Necaise*, 300 Ga. App. 223 (2009). This case, like *Candy Craft* and *Amendia,*

---

[2] AlertPoint asserts this argument with respect to other causes of action, including Count V (Aiding and Abetting Breach of Fiduciary Duty) and Count VIII (Civil Conspiracy). For efficiency, 34ED incorporates the argument above into its response regarding those Counts.

held that "[t]he alleged solicitation of [the plaintiff's] customers for a rival business is conduct outside the scope of the GTSA." *Id.,* at 226.

Unlike the distinct solicitation allegations in *Necaise,* however, AlertPoint's allegations in Count V simply echo those of the trade secrets claim:

- ***Compare* Count V (Aiding and Abetting Breach of Fiduciary Duty), ¶ 124**: "34ED entered into a scheme with Dean Olds, while Mr. Olds was an officer of AlertPoint, to misappropriate AlertPoint's assets, exploit them, and use them to compete against AlertPoint."

- ***With* Count VII (Misappropriation of Trade Secrets), ¶ 148:** "While Dean Olds was AlertPoint's President, he disclosed AlertPoint's trade secrets to 34ED as part of their scheme to misappropriate the trade secrets and use them to compete against AlertPoint."

AlertPoint fails to explain how 34ED's allegedly "negotiating for the sale of AlertPoint's intellectual property and assets to 34ED and conspiring to use AlertPoint's assets to directly compete with AlertPoint, usurp its business opportunities, and extort AlertPoint" includes facts separate from those that would be asserted in a trade secret misappropriation claim. Response, p.15.

Breach of fiduciary duty claims are commonly preempted by the GTSA where they rely on the purported taking and use of trade secrets. *See, e.g., Putters v. Rmax Operating, LLC*, No. 1:13-CV-3382, 2014 WL 1466902, at *2 (N.D. Ga. Apr. 15, 2014) (Chief Judge Thrash) (dismissing breach of fiduciary duty counterclaim because of GTSA preemption); *Diamond Power Int'l, Inc. v. Davidson,* 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007) (holding that breach of fiduciary duty claim, among others, was preempted). Because AlertPoint has failed to distinguish Count V from its GTSA claim, it should be dismissed.

### C. Count VIII (Civil Conspiracy)

As with Count V, AlertPoint tries to distinguish Count VIII (Civil Conspiracy) by claiming that it includes additional allegations that "Olds and 34ED conspired to use AlertPoint's intellectual property and other assets for the explicit purpose of directly competing with AlertPoint, usurping its business opportunities, and extorting AlertPoint." Response, p.16.

Again, a direct comparison of the relevant allegations in AlertPoint's trade secrets count shows that AlertPoint's conspiracy cause of action is simply a repackaged claim for misappropriation of trade secrets:

- *Compare* **Count VIII (Civil Conspiracy), ¶ 157**: "As shown herein, Dean Olds, RoomPro and 34ED acted in concert to misappropriate

AlertPoint's trade secrets and convert AlertPoint's intellectual property and assets."

- ***With* Count VII (Misappropriation of Trade Secrets), ¶ 148:** "While Dean Olds was AlertPoint's President, he disclosed AlertPoint's trade secrets to 34ED as part of their scheme to misappropriate the trade secrets and use them to compete against AlertPoint."

Thus, Count VIII should be dismissed because it is preempted by the GTSA.

### D. **Counts XII and XIII (Unfair Competition)**

AlertPoint's claim that allegations supporting its unfair competition counts are "separate and distinct" from its allegations alleging misappropriation of trade secrets fails here. The Second Amended Complaint is replete with allegations that Defendants formed a coordinated, conspiratorial "scheme" to compete against AlertPoint through the misappropriation of trade secrets and other assets dependent on those trade secrets. *See* SAC, ¶¶ 86-87, 116, 124, 148. Each of these allegations are part of Counts XII and XIII for unfair competition. *See* Id., ¶¶ 185, 192.

Even if they were not, Counts XII and XIII each allege unlawful use of certain marks that, in AlertPoint's telling, have value precisely because 34ED engaged in this scheme to misappropriate trade secrets and the assets dependent on those trade

secrets. But for the misappropriation, AlertPoint could not plausibly allege unfair competition. *See* Id., ¶ 190 (alleging "Defendants' willful and malicious misappropriation of AlertPoint's trade secrets and intellectual property and subsequent intentional infringement of AlertPoint's marks . . ."). Counts XII and XIII thus simply state GTSA claims dressed in ill-fitting federal garb.

### E. **Count XIV (Attorneys' Fees) and Count XV (Punitive Damages)**

AlertPoint's claims for attorneys' fees and punitive damages are derivative. To the extent the substantive claims supporting them fail due to preemption, these claims must also fail. *See Synergy Worldwide, Inc. v. Long, Haymes, Carr, Inc.,* 44 F. Supp. 2d 1348, 1358 (N.D. Ga. 1998) ("[A] claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach . . . ."); *Goodson v. Boston Scientific Corp.,* No. 1:11-cv-3023, 2011 WL 6840593, at *6 (N.D. Ga. Dec. 29, 2011) (holding same for attorneys' fees request).

## CONCLUSION

For the foregoing reasons, 34ED respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted this 10th day of December, 2019.

**<u>Jeffrey D. Horst</u>**
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel hereby certifies that the

foregoing ***Reply in Support of Defendant 34ED, LLC's Motion to Dismiss*** complies

with the font and point selections approved by the Court in Local Rule 5.1C. This

document was prepared on a computer using Times New Roman font (14 point).

This 10th day of December, 2019.

<u>**Jeffrey D. Horst**</u>
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the foregoing ***Reply in Support of Defendant 34ED, LLC's Motion to Dismiss*** with the Clerk of the Court via the CM/ECF filing system, which provides notice of such filing and service to all parties of record.

This 10th day of December, 2019.

**<u>Jeffrey D. Horst</u>**
Jeffrey D. Horst
Georgia Bar No. 367834
Adam M. Sparks
Georgia Bar No. 341578
Sada Jacobson Baby
Georgia Bar No. 307214
Attorneys for 34ED, LLC
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
sparks@khlawfirm.com
baby@khlawfirm.com
