**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALERTPOINT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:18-CV-03879-ELR |
| | ) | |
| DEAN OLDS, ROOMPRO | ) | |
| TECHNOLOGIES, INC., | ) | Jury Trial Requested |
| and 34ED, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DAVID ALLEN and EDCO- | ) | |
| EDUCATION CONSULTANTS, | ) | |
| INC, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| _____ | ) | |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

AlertPoint, LLC ("AlertPoint"), Dean Olds, RoomPro Technologies, Inc.

("RoomPro"), 34ED, LLC ("34ED"), David Allen, and EDCO-Education

Consultants, Inc. ("EDCO") submit this Amended Joint Preliminary Report and

Discovery Plan following the addition of 34ED as a Defendant in AlertPoint's

Second Amended Complaint. [Doc. 120].

**1.    Description of Case**:

(a) Describe briefly the nature of this action.

<u>By Plaintiff AlertPoint</u>:   Plaintiff AlertPoint filed this action seeking a declaratory judgment against Defendants Dean Olds and RoomPro under 28 U.S.C. § 2201 asking the Court to find that AlertPoint owns, or at the very least has an irrevocable license to use, the hardware and software associated with the AlertPoint System, a crisis management technology designed to help, *inter alia*, educational institutions and other facilitates, such as hotels, accelerate emergency awareness, response, and critical communication.   Plaintiff also asserted a claim for breach of fiduciary duty against Defendant Dean Olds, the former CEO of AlertPoint, for, *inter alia*, improperly negotiating with other companies regarding the sale of AlertPoint's assets, not informing AlertPoint that negotiations were taking place regarding this sale, using company funds to pay for Mr. Olds' personal expenses, and obtaining in favor of RoomPro an assignment from software developers for intellectual property that AlertPoint paid to develop and create.   AlertPoint also asserted claims for unjust enrichment, quantum meruit, usurpation of business opportunities, misappropriation of trade secrets, and conversion.   In addition, Plaintiff is seeking an award of attorney's fees and punitive damages.

With the filing of the Second Amended Complaint [Doc. 120], Plaintiff also asserts ten causes of action against Defendant 34ED.   These claims include the declaratory judgment claim regarding ownership of the hardware and software

associated with the AlertPoint System.  Plaintiff also sues 34ED for aiding and abetting Olds' breach of fiduciary duty to AlertPoint, and for civil conspiracy based on, *inter alia*, a conspiracy between 34ED and Olds to convert AlertPoint's intellectual property and assets, to breach the fiduciary duty Olds owed to AlertPoint, and to usurp AlertPoint's business opportunities.  AlertPoint also asserts claims that 34ED has infringed AlertPoint's trademark rights in violation of Georgia law and the Lanham Act.  Finally, AlertPoint seeks an award of attorney's fees and punitive damages against 34ED.

By Defendants and Counterclaim-Plaintiffs Dean Olds and RoomPro: Defendants responded to the Complaint denying Plaintiff's allegations. Defendants also asserted Counterclaims against AlertPoint and brought claims against David Allen and EDCO-Education Consultants, Inc. ("EDCO"). Those Counterclaims and claims include ones under 28 U.S.C. section 2201 asking the Court to find that RoomPro owns the hardware and software associated with the RoomPro ALERT System. Defendants also asserted Counterclaims\Claims for breach of written contract, trademark infringement under Georgia common law, under O.C.G.A. Section 23-2-55 and under the Lanham Act. Additional Counterclaims\Claims include Plaintiff's improper filing of a patent application and trademark infringement. Defendants further asserted a Counterclaim\Claim for breach of oral

contract related to AlertPoint, David Allen, and EDCO's failure to adequately compensate Defendants.

By Defendant 34ED:

34ED denied the allegations of AlertPoint's Second Amended Complaint, naming 34ED for the first time as a Defendant in this action.  34ED asserted counterclaims against AlertPoint and additional claims against third-party Defendants Mr. Allen and EDCO.  34ED asserts counterclaims under the Lanham Act and for declaratory judgment, common law trademark infringement, unfair and deceptive business practices, quasi-contract, and attorneys' fees which address AlertPoint's abusive, deceptive, and harassing conduct before this Court and in the marketplace.  34ED seeks monetary relief from AlertPoint, Allen, and EDCO, including compensatory, exemplary, and punitive damages, and costs and expenses of litigation.

34ED also seeks injunctive relief, requesting that the Court issue an order declaring that the RoomPro ALERT System and all intellectual property associated with it, including the Purchased Assets, are owned by Defendant 34ED; that Plaintiff fraudulently obtained U.S. Trademark Registration No. 5,663,595 and directing the United States Patent and Trademark Office to cancel that Registration; that the Allen Parties are legally barred and/or equitably precluded from asserting that Defendant

34ED infringes any of the Allen Parties' asserted rights and/or from recovering any damages; that the Allen Parties have engaged in false designation of origin, false advertising, deceptive trade practices and unfair competition against 34ED; enjoining AlertPoint, Allen, EDCO, or their agents or affiliates from using trademarks, trade dress, and other source designations of any kind and from continuing any and all acts of false designation of origin, false advertising, unfair competition, deceptive trade practices, or false and/or misleading advertising; and enjoining AlertPoint to transfer the <alertpointsecurity.com> domain name to 34ED, among other relief.

Counterclaim-Defendants (AlertPoint, David Allen, and EDCO):  AlertPoint, EDCO, and Mr. Allen dispute the characterization of the facts, assertions, and claims made in the Answers, Counterclaims, and Third-Party Complaints of Defendants.

b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

For Plaintiff and Counterclaim-Defendants:

In 2005, David Allen organized EDCO.  Mr. Allen is the President, CEO, and sole shareholder of the company.  EDCO primarily sells educational audio/video technology solutions to schools in the K-12 marketplace.  Defendant RoomPro also sells audio/video technology for use in schools, conference rooms, and training

rooms.  Specifically, RoomPro specializes in the sale of the "RoomPro System," which is a projector mount that comes equipped with four speakers.  In 2011, EDCO began selling RoomPro Systems that it purchased from RoomPro to schools in the K-12 marketplace.  As a result, Mr. Allen and Defendant Dean Olds talked on a semi-regular basis about their respective businesses.

Around this time, Mr. Allen had the idea to create an emergency alert notification system that could be utilized in schools, which subsequently became the AlertPoint System.  Mr. Allen shared his idea with Mr. Olds and the two men subsequently began discussing options to bring Mr. Allen's idea to the marketplace. In the fall of 2015, Defendant Dean Olds relocated from Wisconsin to Georgia for the purpose of working on the AlertPoint System with David Allen.  The AlertPoint system is designed specifically to help, *inter alia*, educational institutions and other facilitates, such as hotels, accelerate emergency awareness, response, and critical communication.  The AlertPoint System includes a powerful blend of hardware, software, and wireless technologies that permits school teachers and administrators to quickly, accurately, and reliably notify school administrators and emergency responders of exigent circumstances, such as an active shooter on the premises or an emergency medical situation.

In 2016, EDCO began reimbursing RoomPro's and Dean Olds' expenses incurred in connection with the development of the emergency alert notification

system, including, but not limited to, paying invoices for software programming work performed as early as May 2016.  By August 2016, EDCO was paying for all of RoomPro's and Dean Olds' expenses incurred in connection with the development of the AlertPoint System, including, but not limited to, paying Dean Olds' and Mike Matera's salary, as well as the employer's portion of payroll taxes and social security withholdings, and reimbursing RoomPro for the costs and expenses of paying independent contractors to write software code and develop and manufacture hardware for the AlertPoint System.  In addition to the foregoing, EDCO also provided office space, materials, and support staff for Dean Olds' work on the AlertPoint system.

AlertPoint, LLC was officially organized on December 1, 2016.  David Allen is AlertPoint's sole member.  After AlertPoint was organized, it assumed the legal obligation to repay EDCO for all expenditures EDCO had incurred in connection with the development of the AlertPoint System in exchange for an assignment of EDCO's rights to any and all assets, including intellectual property, patents, trademarks, trade dress, copyrights, and trade secrets associated with the AlertPoint System.  On January 1, 2017, Mike Matera and Dean Olds officially became employees of AlertPoint, LLC.

David Allen regularly assigned work tasks to Dean Olds and Mike Matera related to the development of the AlertPoint System.  That being said, Defendant

Dean Olds was responsible for managing and supervising EDCO and AlertPoint employees, as well as the independent contractors, regarding the development of AlertPoint software and hardware.  Any copyrightable work product created by Dean Olds and Mike Matera after July 2016 was done on a work-for-hire basis. Ramakrishnan Manivannan, Ali Asghari, and Naveen Baskaran also assisted with the development of the AlertPoint System.  Any copyrightable work product created by Mr. Manivannan, Mr. Asghari, and Mr. Baskaran was also done on a work-for-hire basis.

In 2017, AlertPoint began performing beta testing of the AlertPoint System in a school setting and continued to make changes to the software.  On November 29, 2017, AlertPoint filed a provisional patent application at the United States Patent and Trademark Office for the AlertPoint System, in which David Allen was identified as the inventor of the AlertPoint System.  Changes continued to be made to the software up through and until the installation of the AlertPoint System in another area school in early 2018.  Portions of the software and firmware for the AlertPoint System were written by contract software developers and software development companies, including, but not limited to, Mohammed Lakkadshaw, Gadgeon, EFS, Project Drivers, and Ali Asghari.  While an AlertPoint employee, Mr. Olds facilitated and encouraged AlertPoint to trademark the ALERTPOINT name, which AlertPoint did.

Significantly, EDCO and AlertPoint invested more than $1.7 million into the creation and development of the AlertPoint System.   Despite this significant monetary investment, Dean Olds, while an employee and officer of AlertPoint, purportedly obtained assignments in favor of **RoomPro** from some of the software developers and software development companies for intellectual property that EDCO / AlertPoint paid for that is utilized by the AlertPoint System. Specifically, Dean Olds obtained purported assignments of intellectual property rights from Mohammed Lakkadshaw and Gadgeon for work that had been paid for by EDCO and AlertPoint.

After obtaining purported assignments for some of the intellectual property utilized by the AlertPoint System, Dean Olds attempted to sell that intellectual property to Defendant 34ED.  Indeed, Dean Olds, while an employee and officer of AlertPoint, negotiated with 34ED for the sale of some of the software, hardware, software and hardware designs, programmers' notes, technical descriptions, and specifications related to and utilized by the AlertPoint System.  Dean Olds did not inform David Allen that he was negotiating with 34ED.

On August 1, 2018, Dean Olds resigned as an officer and employee of AlertPoint.  In his resignation letter, Mr. Olds claimed to own, either individually or through RoomPro, some of the "technology" utilized by the AlertPoint System.  In

addition, Mr. Olds purported to terminate AlertPoint's rights to utilize said "technology."

On August 7, 2018, AlertPoint received a letter from counsel for 34ED.  In the letter, counsel for 34ED represented that RoomPro and Dean Olds purportedly sold 34ED certain assets, including software, hardware, software and hardware designs, programmers' notes, technical descriptions, and specifications supporting and concerning the AlertPoint System.  In addition, counsel for 34ED stated that 34ED would only "allow" AlertPoint to continue to use its AlertPoint System if, *inter alia*, it: (i) transferred to 34ED all right, title, and interest in and to the AlertPoint System, including all intellectual property rights therein; and (ii) entered into a **<u>five-year</u>** agreement with 34ED whereby AlertPoint would pay 34ED for the use of the AlertPoint System.  AlertPoint also learned that 34ED has used trade secrets, intellectual property rights, and other assets associated with the AlertPoint System to develop, market, and sell a competing product.  34ED has used two of AlertPoint's trademark, ALERTHUB and ALERTBADGE, in doing so.

AlertPoint maintains that it owns the AlertPoint System, or at the very least holds an irrevocable license to use the AlertPoint System, and it initiated this lawsuit asking the Court for a declaratory judgment to that effect. In addition, AlertPoint has filed several monetary claims against Defendants seeking to recover compensatory damages for their tortious conduct.

<u>For Defendants Olds and RoomPro[1]</u>:

Dean Olds ("Mr. Olds") is the President, Chief Executive Officer, and sole shareholder of RoomPro. EDCO is owned, Defendants believe, entirely by Mr. Allen. EDCO supplies audio and visual equipment to school systems in Georgia, including the Cobb County School System.

RoomPro began as a manufacturer and integrator of audio and visual products for educational, corporate, government, and consumers in 2005. Mr. Olds conceived the RoomPro ALERT System which is a surveillance and emergency alert notification system for schools. Defendants have spent hundreds of thousands of dollars on its development.

On January 7, 2011, RoomPro and EDCO entered a RoomPro Brand Preferred Partner Agreement (the "January 2011 Agreement"), which was later amended. Thereafter, EDCO and Mr. Allen began to resell RoomPro's RoomPro ALERT System. In 2014, RoomPro changed the name of its security product to "Alertpoint System" and registered the <alertpoint.com> domain name. RoomPro and Mr. Olds also designed and started using the AlertPoint logo in April/May 2015 with its RoomPro ALERT System.

---

[1] "Plaintiff," as used in this Paragraph refers to the Plaintiff, David Allen and EDCO and "RoomPro" refers to RoomPro and Mr. Olds.

In January 2016, EDCO began lending RoomPro money so RoomPro could afford all of the expenses relating to further development of its products, including the RoomPro ALERT System. EDCO, RoomPro, and Mr. Olds executed a Promissory Note memorializing the loan from EDCO to RoomPro. The Promissory Note was paid in full on August 1, 2018.

In 2016, RoomPro had a working system that was shown to potential customers. On December 1, 2016, AlertPoint, LLC was formed by Mr. Allen.

Mr. Olds, as the true inventor of the RoomPro ALERT System, worked with patent attorney Yuri Eliezer, Esq. to draft a provisional patent. Then, Mr. Olds provided the draft to Christina Brown, Esq., General Counsel for EDCO, for review; however, instead of merely reviewing the draft, Plaintiff and its agents removed Mr. Old's name as inventor and provided it to Holland & Knight to file with the United States Patent and Trademark Office. Despite the misappropriation of the patent application, Plaintiff claim ownership of the so-called "Alertpoint System" (which is actually a RoomPro product (*i.e.*, the RoomPro ALERT System)), Ms. Brown, Plaintiff's attorney and CFO, admitted in an email dated December 1, 2016, that Plaintiff could not hold AlertPoint out as the owner of the intellectual property because the intellectual property would need to be assigned from Mr. Olds. Ms. Brown even emailed Mr. Olds an unsigned Intellectual Property Assignment

Agreement that same day. However, this agreement was not agreed upon and transfer of RoomPro's intellectual property did not occur.

Plaintiff has realized millions of dollars in revenue as a result of its unauthorized selling and licensing of the RoomPro ALERT System. None of this revenue has been paid to RoomPro or Mr. Olds, as it should have been. Plaintiff and Mr. Allen have also obtained significant sums through their infringing use of ALERTPOINT.

In 2018, RoomPro sold some of the intellectual property that makes up the RoomPro ALERT System and RoomPro products to non-party, 34ED, LLC. During negotiations and due diligence, 34ED, LLC became aware of Plaintiff's false claims of ownership in the system. This false claim placed a cloud on RoomPro's title which, in turn, significantly lowered the value of these assets.

Plaintiff used and are still using RoomPro's and its successor's intellectual property without any license, compensation, or permission. RoomPro believes Plaintiff is using a revised system based off of the RoomPro ALERT System—an unauthorized derivative work.

For Defendant 34ED:

**34ED's Crisis Management Software And Hardware Solutions Business.**
34ED, d/b/a CENTEGIX, is a company specializing in crisis management software and hardware focused on delivering safety and security solutions to education and

business organizations around the United States.  34ED engaged in reselling Audio Enhancement classroom audio systems which included a remote microphone with a panic button.  Dissatisfied with the reliability of these systems, 34ED sought to develop and did develop an emergency alert notification and crisis management system, CrisisAlert™, to use in schools and other public institutions.  Between January and April 2018, Adam Williams, 34ED's head of engineering, conceived of, developed, and built in concert with 34ED principals a prototype for CrisisAlert™.

**34ED Is Introduced to Dean Olds And RoomPro.**  In April 2018, Mr. Williams read a newspaper article about Dean Olds, who was working on an emergency alert notification system reported to have the same goals as 34ED's developing product.  Jim Szyperski, 34ED's former Chief Executive Officer, met Mr. Olds for the first time on May 15, 2018 to discuss a possible reseller relationship in which 34ED would resell the RoomPro ALERT System owned by Olds' company, RoomPro Technologies, Inc.  Mr. Szyperski and Mr. Olds concluded that a partnership between the companies may benefit them both in the future.  At this time, Olds was working with AlertPoint on the RoomPro ALERT System.

**34ED Purchases RoomPro Assets And Intellectual Property.**  Discussions about resale soon evolved into discussions about the purchase of the RoomPro ALERT System.  34ED and Mr. Olds negotiated in June and July 2018 to purchase

certain of RoomPro's assets and intellectual property as they existed on December 31, 2016, including without limitation all hardware, software, applications, proprietary rights, and goodwill related to the RoomPro ALERT System (the "Purchased Assets"). The properties purchased by 34ED from Olds and RoomPro are reflected in the Asset Purchase Agreement (the "APA") and in the Bill of Sale. As part of 34ED's due diligence, 34ED learned that Mr. Olds was not an officer of AlertPoint and, further, that Mr. Olds had no authority to act on behalf of AlertPoint unless authorized to do so.

**34ED Determines RoomPro's Software Code Stack Could Not Be Used In 34ED's Crisis Alert™ System.** On July 12, 2018, Mr. Olds shared a .zip file of RoomPro's code stack and associated intellectual property as it existed on December 31, 2016. As part of 34ED's due diligence, 34ED reviewed the code stack developed by Mr. Olds and RoomPro for the RoomPro ALERT System. 34ED concluded the code stack developed by Olds and RoomPro for the RoomPro ALERT System was not needed to continue to develop and enhance CrisisAlert™, as it was not sufficiently compatible, robust, scalable, or secure to use in 34ED's separately conceived and developed product. Notwithstanding the lack of compatibility of the RoomPro System code stack, 34ED used a "clean room" process, ensuring that 34ED did not use the code stack developed by Mr. Olds and RoomPro for the RoomPro ALERT System, any of the code contained in the .zip file shared by Mr.

Olds, or any other of the Purchased Assets to develop, test, build, maintain, improve, or otherwise affect 34ED's products in the marketplace at any point in those products' development, marketing, or sale, including CrisisAlert™.

Even so, 34ED concluded that buying the Purchased Assets would be beneficial to 34ED, including by opening a clearer channel better positioning 34ED to compete in the marketplace with others and adding a knowledgeable sales engineer in Olds.  34ED required Mr. Olds and RoomPro to obtain written assignments from the contract developers of their rights in the RoomPro ALERT System to Mr. Olds or RoomPro for fair compensation as conditions to the closing of 34ED's purchase of the Purchased Assets.

**Olds And RoomPro's Use Of "AlertPoint"**  34ED learned that Mr. Olds had registered the web domain name "alertpoint.com" in December 2014.  Mr. Olds and RoomPro had used the name AlertPoint and an associated mark to market, advertise, brand, and sell the RoomPro ALERT System in the relevant marketplace since at least May 2015.  Even so, Mr. Allen, along with the general counsel for AlertPoint and Allen's daughter, Christina Brown, submitted a provisional patent drafted by Mr. Olds's counsel to the U.S. Patent and Trademark Office on or around November 29, 2017 without Mr. Olds's name as inventor in an attempt to misappropriate recognition of inventorship of the RoomPro ALERT System and to secure patent protection in AlertPoint's name (or that of Mr. Allen or EDCO).

**34ED Acquires The Purchased Assets Which Included The RoomPro Alert System Intellectual Property.**  34ED's acquisition of the Purchased Assets closed on July 27, 2018.  As a result of the closing, RoomPro had sufficient funds to satisfy the promissory note owed by RoomPro to EDCO.  EDCO accepted RoomPro's payment in full of the promissory note.

After the closing, on August 7, 2018, 34ED sent a letter to AlertPoint and Allen notifying them of 34ED's purchase of the Purchased Assets (and directing them not to copy, distribute, make, sell, or otherwise use the RoomPro ALERT System or any derivative works based on it without authorization from 34ED.  As part of 34ED's notice to AlertPoint and Allen to cease and desist any use of the RoomPro ALERT System or any derivative works based on it, 34ED offered to provide a license to AlertPoint to use any derivative works based on 34ED's intellectual property so that AlertPoint could maintain its business relationship with Cobb County School District or other school districts in Georgia.  AlertPoint then filed this lawsuit against Mr. Olds and RoomPro on or about August 16, 2018, and added 34ED as a defendant in its Second Amended Complaint served on 34ED on October 21, 2019.  In the months following AlertPoint's filing suit, it has engaged in conduct and activity in the marketplace giving rise to certain of the counterclaims 34ED filed with its Verified Answer and Defenses on November 12, 2019.

(c) The legal issues to be tried are as follows:

(1)   Whether Plaintiff is entitled to a declaratory judgment finding that AlertPoint owns the hardware, software, software and hardware designs, programmers' notes, technical descriptions, specifications, and all intellectual property, to include patents, trademarks, trade dress, copyrights, and trade secrets associated with the AlertPoint System that was created on a work-for-hire basis and paid for by AlertPoint;

(2)   Whether Plaintiff is entitled to a declaratory judgment finding that AlertPoint has an implied, non-exclusive, irrevocable license to use the hardware, software, software and hardware designs, programmers' notes, technical descriptions, specifications, and all intellectual property, to include patents, trademarks, trade dress, copyrights, and trade secrets associated with the AlertPoint System;

(3)   Whether AlertPoint is entitled to recover the full value of the benefit conferred upon RoomPro and Dean Olds, in the form of the greater of the fair market value of the alert notification system or the amount AlertPoint invested in the development

of the system, as an equitable remedy to prevent RoomPro's and Dean Olds' unjust enrichment;

(4)   Whether AlertPoint is entitled to recover the full value of the benefit conferred upon RoomPro and Dean Olds, in the form of the greater of the fair market value of the AlertPoint System or the amount AlertPoint invested in the development of the system, as quantum meruit;

(5)   Whether Defendant Dean Olds violated a fiduciary duty he owed to Plaintiff, and whether such breach caused Plaintiff to incur damages;

(6)   Whether Defendant 34ED aided and abetted Olds' violation of a fiduciary duty owed to Plaintiff, and whether such conduct caused Plaintiff to incur damages;

(7)   Whether Defendant Dean Olds usurped a corporate opportunity rightfully belonging to AlertPoint, and whether such conduct caused Plaintiff to incur damages;

(8)   Whether Defendants misappropriated AlertPoint's trade secrets under O.C.G.A. § 10-1-763(a), and whether such conduct caused Plaintiff to incur damages;

(9)   Whether Defendants conspired to convert AlertPoint's intellectual property and assets, to breach a fiduciary owed by Olds to AlertPoint, and to usurp AlertPoint's business opportunities, and whether such conduct caused Plaintiff to incur damages;

(10)  Whether Defendant Olds improperly and without authorization converted AlertPoint funds for his personal use;

(11)  Whether Defendant 34ED has infringed AlertPoint's common law trademark rights under O.C.G.A. § 23-2-55 to the marks ALERTBADGE or ALERTHUB, and whether such infringement has caused Plaintiff to incur damages;

(12)  Whether Defendant 34ED has infringed AlertPoint's non-registered trademarks ALERTBADGE or ALERTHUB under the Lanham Act (15 U.S.C. § 1125), and whether such infringement has caused Plaintiff to incur damages;

(13)  Whether Defendants have been stubbornly litigious, have acted in bad faith, and/or have caused AlertPoint unnecessary trouble and expense entitling AlertPoint to recover its attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11;

(14)   Whether Defendants' conduct was willful, malicious, fraudulent, wanton, oppressive, and evidenced that entire want of care which raises the presumption of conscious indifference to consequences, thus justifying the award of punitive damages to AlertPoint pursuant to O.C.G.A. § 51-12-5.1;

(15)   Whether Defendants acted with specific intent to cause harm such that there shall be no limitation regarding the amount which may be awarded as punitive damages to AlertPoint;

(16)   Whether Defendants are entitled to a declaratory judgment from the Court that RoomPro owns the hardware, software, software and hardware designs, programmers' notes, technical descriptions, specifications, and all intellectual property, to include patents, trademarks, trade dress, and copyrights associated with the RoomPro ALERT System, and specifically that RoomPro owns the copyrights to the software supporting the RoomPro ALERT System because it was created by RoomPro and Dean Olds;

(17)   Whether AlertPoint, LLC, David Allen, and/or EDCO breached the RoomPro Brand Reseller Agreement by making

a claim of ownership to the RoomPro ALERT System and taking actions inconsistent with RoomPro's rights in the RoomPro ALERT System;

(18)   Whether AlertPoint, LLC, David Allen, and/or EDCO's activities constitute trademark infringement under Georgia common law;

(19)   Whether AlertPoint, LLC, David Allen, and/or EDCO's activities constitute trademark infringement under O.C.G.A. § 23-2-55;

(20)   Whether AlertPoint, LLC, David Allen, and/or EDCO's activities constitute infringement of a non-registered trademark under Lanham Act (15 U.S.C. § 1125);

(21)   Whether AlertPoint, LLC, David Allen, and/or EDCO's activities constitute breach of an oral promise to repay Defendants for amounts incurred on behalf of AlertPoint, LLC and placed on Mr. Old's credit card; and

(22)   Whether Defendants Dean Olds and RoomPro are entitled to an award of compensatory and punitive damages; an accounting for all profits received by AlertPoint, LLC, David Allen, and/or EDCO as a result of their unauthorized use of

the ALERTPOINT mark; and reasonable attorneys' fees and costs under O.C.G.A. § 9-15-14.

(23)    Whether the use of the trademark ALERTPOINT or the ALERTPOINT Logo mark by AlertPoint, Mr. Allen, or EDCO was unauthorized and has caused or is causing false designation or origin, trademark infringement, unfair competition, and false and misleading advertising in violation of 15 U.S.C. Section 1125(a)(1)(A)-(B);

(24)    Whether 34ED is entitled to a declaratory judgment finding that 34ED does not infringe on any Marks owned by AlertPoint, Mr. Allen, or EDCO, including the ALERTBADGE and ALERTHUB Marks, and moreover, that 34ED owns these Marks, the ALERTPOINT Mark, and the ALERTPOINT Logo Mark;

(25)    Whether 34ED is entitled to a declaratory judgment finding that AlertPoint's uses of "ALERTPOINT," including in its corporate names and in web domain names, such as "alertpointsecurity.com", are without authorization and infringe on 34ED's rights;

(26)   Whether U.S. Trademark Registration No. 5,633,595 should be cancelled immediately;

(27)   Whether 34ED is entitled to recover funds and/or benefits conferred upon AlertPoint by AlertPoint's unauthorized use of intellectual property belonging to Mr. Olds, RoomPro, or 34ED as an equitable remedy to prevent AlertPoint's unjust enrichment;

(28)   Whether 34ED is entitled to recover funds and/or benefits conferred upon AlertPoint by AlertPoint's unauthorized use of intellectual property belonging to Mr. Olds, RoomPro, or 34ED as quantum meruit;

(29)   Whether 34ED is entitled to a declaratory judgment finding that AlertPoint intentionally sold and advertised goods and services derived from and/or using intellectual property owned by 34ED so as to confuse and deceive purchasers as to the source, sponsorship, approval or certification of, or the affiliation, connection or association with 34ED or with 34ED's crisis management goods and services, without 34ED's authorization and to 34ED's detriment; and

(30)  Whether 34ED is entitled to an award of compensatory,

exemplary and punitive damages and reasonable attorneys'

fees and costs under O.C.G.A. §§ 9-15-14 and/or 13-6-11.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  None known.

(2) Previously Adjudicated Related Cases:  None known.

**2.**    This case is complex because it possesses one (1) or more of the features listed below (please check):  Not applicable.

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| X | (2) | Unusually large number of claims or defenses |
| X | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| X | (9) | Need for discovery outside United States boundaries |
| X | (10) | Existence of highly technical issues and proof |
| \_\_\_\_\_ | (11) | Unusually complex discovery of electronically stored information |

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          A. André Hendrick, Esq.
Georgia Bar No. 774212
Holland & Knight LLP
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 817-8500

|                         | Facsimile:  (404) 881-0470 |
|                         | Email:  andre.hendrick@hklaw.com |
|                         | *For Plaintiff AlertPoint, LLC* |

Defendants:              David M. Lilenfeld
                         Georgia Bar No. 452399
                         Lilenfeld PC
                         3379 Peachtree Road, NE, Suite 980
                         Atlanta, Georgia 30326
                         Telephone:  (404) 201-2520
                         Facsimile:  (404) 745-0640
                         Email:    david@lilenfeld.com
                         *For Defendants Dean Olds*
                         *& RoomPro Technologies, Inc.*

                         Jeffrey D. Horst, Esq.
                         Georgia Bar No. 367834
                         1201 W. Peachtree St., NW, Ste. 3250
                         Atlanta, Georgia 30309
                         Telephone: (404) 888-9700
                         Email: horst@khlawfirm.com
                         *For Defendant 34ED, LLC*

Third-Party              A. André Hendrick, Esq.
Defendants:              Georgia Bar No. 774212
                         Holland & Knight LLP
                         Regions Plaza, Suite 1800
                         1180 West Peachtree Street
                         Atlanta, Georgia  30309
                         Telephone:  (404) 817-8500
                         Facsimile:   (404) 881-0470
                         Email:  andre.hendrick@hklaw.com
                         *For Third-Party Defendants David Allen and EDCO-*
                         *Educational Consultants, Inc.*

## 4.    **Jurisdiction**:

Is there any question regarding this court's jurisdiction?

_____  Yes    __X__   No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.    **Parties to This Action**:

(a) The following persons are necessary parties who have not been joined:

None known at this time.

(b) The following persons are improperly joined as parties:

None known at this time.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings**:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do not anticipate at this time that any additional amendments to

the pleadings will be necessary.  The parties reserve the right to move to amend the

pleadings after engaging in discovery.

KH569212.DOCX 2

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions**:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

As part of the proposed scheduling order, the Parties seek permission to file

motions for summary judgment within 60 days of the close of discovery. *See* No. 12

*infra*.

**8.    Initial Disclosures**:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

Newly added defendant 34ED will be serving its initial disclosures in accordance with Fed. R. Civ. P. 26.

**9.    Request for Scheduling Conference**:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period**:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1)    All of the Parties' claims, counterclaims, and third-party claims as asserted in the pleadings;

(2)    All of the Parties' respective defenses as asserted in the pleadings;

(3)    Whether any of the Parties are entitled to equitable relief;

(4)     Third-party discovery into Mr. Olds' alleged negotiations with other companies and individuals about the purported transfer of intellectual property of which AlertPoint claims ownership;

(5)     Third-party discovery into the creation and development of the AlertPoint System/RoomPro ALERT System, including discovery of the software developers and development companies, which could entail discovery of persons and/or entities located outside of the United States;

(6)     Third-party discovery into AlertPoint, David Allen, and/or EDCO's alleged filing of a provisional patent for the RoomPro ALERT System/AlertPoint System;

(7)     AlertPoint's service of Georgia Open Records Act requests on parties it suspects are customers of 34ED;

(8)     AlertPoint's filing of trademark applications concerning the AlertPoint System, the RoomPro ALERT System, CrisisAlert, and related matters;

(9)     AlertPoint's conduct and activity in the marketplace;

(10)    Depositions of corporate representatives and other individuals who receive third-party discovery requests;

(11)   Fact and expert discovery into relevant source code files of the AlertPoint, RoomPro, and CrisisAlert™ systems, along with expert discovery for the purposes of providing technical analysis and comparison of the same, as appropriate;

(12)   Expert discovery on damages related to the unauthorized disclosure by any of the Parties of confidential and trade secret information;

(13)   Expert discovery on damages related to trademark infringement and deceptive trade practices;

(14)   Whether Plaintiff or Defendants are entitled to their respective attorneys' fees, costs, and expenses in bringing or defending against claims, counterclaims, or third-party claims in this action;

(15)   Financial and sales information for Plaintiff, EDCO, RoomPro, and 34ED; and

(16)   Intellectual property owned and used by the Parties.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties will diligently pursue discovery and presently anticipate that an enlarged discovery period will be needed due to the complexity of the case and the

issues involved.   The Parties agree that a nine-month fact discovery period is appropriate, followed by a three-month expert discovery period.  In the event that additional time is deemed necessary, the Parties will request an extension of the discovery period within the time period permitted by this Court's Local Rules and Guidelines for Discovery and Motion Practice.

Based on the complexity of the claims and the fact-intensive nature of this lawsuit, the Parties propose the following discovery schedule, and attach a proposed revised scheduling order effecting this proposed schedule:

- December 12, 2019 – Discovery begins (with the addition of 34ED)

- September 14, 2020 – Fact discovery ends

- September 14, 2020 – Deadline for service of initial expert reports

- November 13, 2020 – Deadline to depose experts regarding the initial expert reports

- November 30, 2020 – Deadline to serve rebuttal expert reports

- December 21, 2020 – Deadline to depose experts regarding rebuttal expert reports / close of discovery.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b)     Is any party seeking discovery of electronically stored information?

___X___ Yes          _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The Parties agree to produce reasonably available electronically stored information concerning their claims and defenses to the extent such information currently exists and subject to the scope and limitations of discovery as set forth in Federal Rule of Civil Procedure 26(b)(1) and 26(b)(2)(B).  The Parties also agree to make good faith efforts to exchange and agree upon custodians and search terms prior to conducting searches for electronically stored information.  The Parties further agree to engage in good faith discussions after initial searches have been conducted to narrow the scope of potentially responsive documents to ensure that discovery is proportional to the needs of the case.

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties are engaging in good-faith discussions about an ESI protocol, which they will submit along with a revised stipulated protective order for the

Court's approval (see Item 12 below).  The Parties agree to engage in good faith

conferrals to resolve any dispute before seeking assistance from the Court.

**12.    Other Orders**:

What other orders do the parties think that the Court should enter under Rule

26(c) or under Rule 16(b) and (c)?

As part of the proposed scheduling order, the Parties seek permission to file

motions for summary judgment within 60 days of the close of discovery.  With the

addition of 34ED as a defendant, the Parties will file a revised stipulated protective

order for the Court's review and approval.

The Parties reserve their respective rights to seek appropriate leave of this

Court pursuant to Federal Rules of Civil Procedure 16(b) and (c) and 26(c) as

required during the course of the litigation.

**13.    Settlement Potential**:

(a)    Lead counsel for the parties certify by their signatures below that they
conducted a supplemental Rule 26(f) conference that was held on November 19,
2019, and that they participated in settlement discussions. Other persons who
participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For Plaintiff: | A. André Hendrick |
| Other participants: | John M. Hamrick |
| For Defendants Dean Olds and RoomPro: | David M. Lilenfeld |
| Other participants: | Robin L. Gentry |
| For Defendant 34ED: | Jeffrey D. Horst |

Other Participants:          Sada J. Baby _____
                             Adam M. Sparks _____

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)    Counsel (___) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d)    The following specific problems have created a hindrance to settlement of this case.

None.

**14.    Trial by Magistrate Judge**:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, of 20_____.

(b)    The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

KH569212.DOCX 2

Respectfully submitted this 12th day of December, 2019.

**HOLLAND & KNIGHT LLP**

/s/ *A. André Hendrick*
A. André Hendrick
Georgia Bar No. 774212
John M. Hamrick
Georgia Bar No. 322079
Eric B. Funt
Georgia Bar No. 023369
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia  30309
Telephone:  (404) 817-8560
E-Mail: andre.hendrick@hklaw.com
        john.hamrick@gmail.com
        eric.funt@hklaw.com

*Attorneys for Plaintiff AlertPoint, LLC*
*and Counterclaim-Defendants David*
*Allen and EDCO-Education Consultants,*
*Inc.*

**LILENFELD PC**

/s/ *David M. Lilenfeld*
(signed with express permission)
David M. Lilenfeld
Georgia Bar No. 452399
Robin L. Gentry
Georgia Bar No. 452399
Brian C. Huskey
Georgia Bar No. 543361
3379 Peachtree Road, NE, Suite 980
Atlanta, Georgia 30326
Telephone:  (404) 201-2520
Email:  david@lilenfeld.com
        robin@lilenfeld.com
        bh@lilenfeld.com

*Attorneys for Defendants Dean Olds and*
*RoomPro Technologies, Inc.*

**KREVOLIN & HORST, LLC**

/s/ *Jeffrey D. Horst*
(signed with express permission)
Jeffrey D. Horst, Esq.
Georgia Bar No. 367834
Sada J. Baby, Esq.
Georgia Bar No. 307214
Adam M. Sparks, Esq.
Georgia Bar No. 341578
1201 W. Peachtree St., NW, Ste. 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Email:  horst@khlawfirm.com
        baby@khlawfirm.com
        sparks@khlawfirm.com

*Attorneys for Defendant 34ED, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALERTPOINT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:18-CV-03879-ELR |
| | ) | |
| DEAN OLDS, ROOMPRO | ) | |
| TECHNOLOGIES, INC., | ) | Jury Trial Requested |
| and 34ED, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DAVID ALLEN and EDCO- | ) | |
| EDUCATION CONSULTANTS, | ) | |
| INC, | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |
| _____ | ) | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

1. Discovery shall begin December 12, 2019;

2. Fact discovery shall close and expert discovery shall begin on September 14, 2020;

3. Initial expert reports shall be exchanged on or prior to September 14, 2020;

4. Initial experts shall be deposed regarding the initial expert reports on or prior to November 13, 2020;

5. Rebuttal expert reports shall be exchanged on or prior to November 30, 2020;

6. Rebuttal experts shall be deposed regarding the rebuttal expert reports on or prior to December 21, 2020; and

7. The discovery period shall close on December 21, 2020.

8.  The Parties shall file any motions for summary judgment or *Daubert* motions with regard to expert testimony no later than February 19, 2021.


**SO ORDERED**.

This _____ day of _____, 20__.


_____
THE HONORABLE ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALERTPOINT, LLC                          )
                                         )
     Plaintiff,                       )       CIVIL ACTION FILE
                                         )
v.                                       )       NO. 1:18-CV-03879-ELR
                                         )
DEAN OLDS, ROOMPRO                       )
TECHNOLOGIES, INC.,                      )       Jury Trial Requested
and 34ED, LLC,                           )
                                         )
     Defendants,                      )
                                         )
DAVID ALLEN and EDCO-                    )
EDUCATION CONSULTANTS,                   )
INC,                                     )
                                         )
     Counterclaim Defendants.         )
_____          )

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have on this date served a copy of

the within and foregoing **AMENDED JOINT PRELIMINARY REPORT AND**

**DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which

will automatically send e-mail notification of such filing to the following Counsel

of Record:

KH569212.DOCX 2

**LILENFELD PC**

David M. Lilenfeld, Esq.
Robin L. Gentry, Esq.
Brian C. Huskey, Esq.

3379 Peachtree Road, NE, Ste. 980
Atlanta, Georgia 30326
Telephone: (404) 201-2520
David@Lilenfeld.com
robin@lilenfeld.com
bh@lilenfeld.com

This 12th day of December, 2019.

**KREVOLIN & HORST, LLC**

Jeffrey D. Horst, Esq.
Sada J. Baby, Esq.
Adam M. Sparks, Esq.

1201 W. Peachtree St., NW, Ste. 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Horst@khlawfirm.com
baby@khlawfirm.com
sparks@khlawfirm.com

**HOLLAND & KNIGHT LLP**

*/s/* A. André Hendrick
A. André Hendrick, Esq.
Georgia Bar No. 774212